**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie Edward SNEED, a/k/a "Rat", Defendant-Appellant.**

**No. 83–8410**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 21, 1984.

James Pardo, Atlanta, Ga. (Court Appointed), for defendant-appellant.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant, Willie Edward Sneed, was indicted and convicted in the United States District Court for the Middle District of Georgia for the offense of armed bank robbery in violation of 18 U.S.C.A. § 2113(d). Briefly, the evidence reflected that on January 18, 1983, a lone black male, identified at trial as defendant, entered the Gray Highway Branch of Fulton Federal

Savings and Loan Association located in Macon, Georgia, and, after exhibiting a firearm, took approximately $6,000 which was money belonging to and in the custody and control of the bank. The deposits of the bank were insured by the Federal Savings and Loan Insurance Corporation. At approximately 6:00 p.m. on the same date as the robbery the appellant was observed at 455 Pursley Street, Macon, Georgia. Also present at the Pursley Street address were Brenda Burnett, the occupant-lessee, and her small children. After defendant's arrival at the Pursley Street apartment, witness Edward Howard came into the apartment and inquired what the "detectives" were doing out front. Upon Howard's making this inquiry, the defendant got up, left the living room of the apartment and went into the apartment's only bedroom. Agents of the Federal Bureau of Investigation arrived on the Pursley Street scene at about the same time and showed Ms. Burnett the bank robbery surveillance photographs. Burnett immediately identified the defendant and told the FBI agent that the defendant was in the living room of her apartment. Burnett also gave the agents permission to search her apartment for evidence. Agent Ken Howard and a police detective then entered Burnett's apartment. Upon entering, the agent recognized the defendant from the surveillance photographs and when the agent told the defendant not to go for his gun, the defendant responded: "I don't have the gun, I threw it away when I left the bank." Upon searching the apartment with Burnett's permission, the officers and agents discovered a pillow case containing approximately $4,800 in currency including six $50 bait bills from the Fulton Federal teller cash drawers. The pillow case and its contents had been stuffed behind a chest of drawers in the bedroom of Burnett's apartment.

Prior to trial the defendant, through his counsel, filed a motion to suppress all evidence secured by the officers from their search of the apartment located at 455 Pursley Street. In the motion to suppress the defendant alleged that he was taken into custody and was arrested without a warrant and without probable cause and that after he was removed from the Pursley Street premises the arresting officers illegally conducted a search of said premises and improperly and illegally seized the pillow case containing approximately $4,800 in United States currency. The motion to suppress further alleged the said items were seized without the permission of the petitioner and were not seized incident to a lawful arrest. The suppression motion further alleged that the search and seizure was illegal. The government filed a response to the motion to suppress alleging that the defendant had no possessory interest or expectation of privacy in the premises located at 455 Pursley Street, Macon, Georgia, and, further, that the defendant had no standing to contest the seizure of any evidence taken from the Pursley residence because he had no legal interest in the property seized. The district court denied the defendant's motion to suppress and motion for a pretrial hearing on the motion. However, the court left the matter open for defendant to later present, if he could, the required evidence in support of his motion. The court, in a formal order entered in response to defendant's motion to suppress, stated:

In regard to defendant's motion to suppress, the court finds that, "an evidentiary hearing need not be set as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief." [citations omitted] The court finds that defendant has not alleged facts sufficiently definite, specific, detailed and nonconjectural to enable the court to conclude that a substantial claim has been presented. The defendant is not entitled relief by virtue of his motion nor is he entitled a pretrial hearing on his motion. Until such time as defendant presents sufficient facts to the court to enable it to consider whether evidence was obtained illegally, his motion to suppress is DENIED.

Thus, the district court not only suggested that the defendant amend but invited

the defendant to amend his motion to suppress to make the necessary and essential allegations that would reflect standing. The defendant failed to offer such an amendment to his motion and no pretrial hearing on the motion to suppress was conducted. During the government's case in chief, the seized evidence and other fruits of the search were offered into evidence and received over Sneed's renewed objection. At this point, Sneed still had not alleged any possessory interest or expectation of privacy in the Pursley Street apartment or the property seized therein.

■ The only issue presented in this appeal is whether the district court erred in denying appellant a full and fair opportunity to litigate his Fourth Amendment claim by not conducting a pretrial hearing on his motion to suppress. Fourth Amendment rights are personal rights that may not be vicariously asserted. *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 967, 22 L.Ed.2d 176 (1969); *see also Rakas v. Illinois*, 439 U.S. 128, 133–34, 99 S.Ct. 421, 425–426, 58 L.Ed.2d 387 (1978). The first issue confronting a district judge when a motion to suppress evidence is presented is whether the disputed search or seizure has infringed an interest of the defendant. This is the threshold issue of "standing". Upon an appropriate motion this requires an inquiry into whether the defendant had a legitimate expectation of privacy in the premises searched or the property seized. *See Rawlings v. Kentucky*, 448 U.S. 98, 104–106, 100 S.Ct. 2556, 2561–2562, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois, supra*. During this inquiry, the defendant as the movant to suppress evidence has the burden of establishing his "legitimate expectation of privacy." However, it is basic that prior to reaching this point in the inquiry, it is necessary for the movant to allege that he has an expectation of privacy in the premises searched or in some other manner allege that he has standing to file the motion to suppress. The concepts of due process do not require that a defendant who fails to make the fundamental allegations in his motion to suppress be afforded a pretrial hearing on his motion. Thus, we

hold that, where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion. The evidence in this case clearly reflects that the trial court was correct in determining that defendant lacks standing.

AFFIRMED.