**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Felix MORALES, Effrain Llorente,**
**Francisco Perez,**
**Defendants–Appellants.**

**No. 85–6054.**

United States Court of Appeals,
Eleventh Circuit.

June 16, 1988.

---

Anthony J. Scremin, Miami, Fla., for Morales and Perez.

Ellen Leesfield, Coral Gables, Fla., for Llorente.

Leon B. Kellner, U.S. Atty., Robert Lipman, Linda Collins Hertz, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for U.S.

Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Having reserved the right on their pleas of guilty to possession of cocaine with intent to distribute while on a vessel of United States registry, defendants Felix Morales, Francisco Perez, and Effrain Llorente appeal the denial of their motion to suppress the cocaine found on the vessel. The district court, without an evidentiary hearing, held the defendants lacked standing because they had no reasonable expectation of privacy to contest the search that revealed cocaine in a hidden compartment on the boat. Deciding the defendants have alleged sufficient facts to give them standing, we remand for an evidentiary hearing.

The location of the sealed compartment on this vessel causes this case to fall between the lines of authority developed in the cases decided in this Circuit. The vessel SHELLY is a thirty-two foot pleasure craft. A secret compartment containing 700 pounds of cocaine was located under the crew's sleeping quarters of the vessel. After cutting away the carpet, taking up the floor, and then finally removing the watertank under which the cocaine had been concealed, the contraband was found by a boarding party of the United States Coast Guard. The alleged fact that it was necessary to go through the defendants' sleeping quarters and cut through those quarters to find the concealed tank, differentiates the case from our prior cases.

To be entitled to an evidentiary hearing with respect to a motion to suppress, it is necessary for the movant to allege a reasonable expectation of privacy in the area searched and the items seized. *United*

*States v. Sneed*, 732 F.2d 886 (11th Cir. 1984). We have consistently held that "neither captain nor crew has a legitimate expectation of privacy ... in an area which is subject to the common access of those legitimately aboard the vessel." *United States v. Freeman*, 660 F.2d 1030, 1034 (5th Cir. Unit B 1981). We have also held that defendants had no legitimate expectation of privacy in a concealed compartment to which access is gained through such common areas. *United States v. Lopez*, 761 F.2d 632 (11th Cir.1985) (concealed space between the ice hold and the engine room); *United States v. Sarda–Villa*, 760 F.2d 1232 (11th Cir.1985) (concealed storage compartment under cushions on seating area in cabin). On the other hand, we have indicated that crewman have standing to challenge the search of specific areas such as their sleeping quarters, and private spaces such as footlockers and dufflebags. *United States v. DeWeese*, 632 F.2d 1267, 1271 (5th Cir.1980); *United States v. Whitmire*, 595 F.2d 1303, 1312 (5th Cir.1979); *United States v. Whitaker*, 592 F.2d 826, 830 (5th Cir.1979); *United States v. Cadena*, 585 F.2d 1252, 1264 n. 27 (5th Cir.1978).

In our judgment, where the search involves a physical destruction of part of the area in which a defendant would have a legitimate claim of privacy, he has standing to contest the search that leads to the concealed compartment, even though the compartment is outside the area of privacy. The privacy interest is rooted in the right to exclude, to prevent an unwarranted governmental search. We need not decide here whether the defendants would have standing to challenge the search of another unprotected area of the vessel, simply because the boarding party passed through the private area. Since this search was allegedly made of the crew's quarters itself, defendants alleged a reasonable expectation of privacy to prevent the unwarranted process of the search.

This was a 14 U.S.C.A. § 89(a) search allegedly without probable cause. Defendants were in rightful possession and control of the vessel at the time of the boarding. There has been no development of the

allegations that the area searched constituted the crew quarters which would confer standing under our cases. These facts, as well as facts concerning probable cause and the reasonableness of the search, must be established at an evidentiary hearing.

VACATED and REMANDED.