UNITED STATES of America, Plaintiff,

v.

Raul Morfe SANCHEZ, Defendant.

No. 93–CR–168A.

United States District Court,
W.D. New York.

Jan. 28, 1994.

Patrick H. Nemoyer, U.S. Atty. (James P. Kennedy, Jr., Asst. U.S. Atty., of counsel), Buffalo, NY, for plaintiff.

Richard D. Grisanti, Grisanti & Grisanti, Buffalo, NY, for defendant.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1), on June 18, 1993. On July 8, 1993, defendant filed a motion to suppress evidence seized from his person and

his traveling companion at the time of his arrest. On January 3, 1994, Magistrate Judge Heckman filed a Report and Recommendation recommending that defendant's motion be denied.

This Court, having carefully reviewed Magistrate Judge Heckman's Report and Recommendation and the submissions of the parties, and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant's motion for suppression of evidence is denied.

IT IS FURTHER ORDERED that the parties shall appear in Part II of this Court at 9:00 a.m. on February 1, 1994 to set a date for trial.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

The defendant has moved to suppress evidence seized from his person and his traveling companion, Joanne Lisa Cedeno, at the time of his arrest. This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, defendant's motion should be denied.

### BACKGROUND

The defendant has been charged with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846.

The charges stem from the discovery of one-half pound of cocaine in the bag of Ms. Cedeno, after the two arrived together in Buffalo on the express bus from New York City. The government consented to a hearing on the admissibility of statements made by the defendant and of evidence obtained from his person, but maintained that the defendant lacked standing to challenge the search of Ms. Cedeno.

The standing issue was fully briefed prior to the suppression hearing (see Items 7, 10, 11). Relying on *U.S. v. Padilla*, —— U.S. ——, 113 S.Ct. 1936, 123 L.Ed.2d 635 (1993), the court ruled that, the defendant lacked standing to challenge the search of his travelling companion, absent some threshold showing that the defendant had a legitimate expectation of privacy in Ms. Cedeno's bag.

A hearing was held on September 9, 22 and 29, 1993. Following the hearing, additional briefs were submitted and argument was held.

At the hearing, Niagara County Deputy Sheriff Randy Fry and Border Patrol Agent Patrick Norton testified. The hearing testimony established that the defendant arrived at the NFTA bus terminal in Buffalo on May 20, 1993 at 7:45 a.m. on an express bus from New York City. He left the bus with a woman later identified as Cedeno, and proceeded through the terminal and to the cab stand on Division Street. Deputy Fry questioned the two briefly, learned that the defendant was born in the Dominican Republic and had a green card. In response to a question about when he had ever been arrested, the defendant stated he had been arrested for possession of drugs. Because this might make the defendant excludable, Deputy Fry asked Cedeno and the defendant to accompany him to the NFTA police office (within the bus station) to talk to a border patrol agent. Both agreed to accompany Deputy Fry.

At the NFTA office, defendant and Cedeno spoke to Agent Norton. Norton confirmed that the defendant was a legal alien with a prior conviction for possession of a dangerous drug. He advised the defendant that he was going to serve deportation papers on defendant and then release him.

Cedeno asked for permission to leave the office to make a phone call, which was granted. Cedeno then left the bus terminal and Agents Fry and Johnson left to look for her. The defendant remained with Agent Norton awaiting preparation of the immigration papers. Cedeno was found in a taxicab in the vicinity of Porter Avenue and Busti Street, and transported back to the NFTA office where she was searched and one-half pound of cocaine was discovered in her bag. Cede-

no told the agents that the defendant had given her the narcotics. At that point, the agents at the DEA office called Agent Norton at the NFTA office, and the defendant was placed under arrest. The defendant was transported to the DEA office where he was booked and searched. Three items were recovered from defendant's person, which defendant seeks to suppress: a greyhound bus ticket, a business card and an address book. Defendant also seeks to suppress his statement to the agents about his prior arrest for possession of drugs and the cocaine found in Ms. Cedeno's bag.

## DISCUSSION

### I. DEFENDANT'S STANDING TO CONTEST THE SEARCH OF CEDENO'S BAG

Defendant argues that he has standing to contest the search of Ms. Cedeno's bag and the seizure of cocaine contained therein. Defense counsel asserts in his brief:

> We contend that the shopping bag belonged to Raul Morfe–Sanchez and the item inside, namely a Spanish–English dictionary, belonged to Mr. Sanchez. Also, the affidavit by the co-defendant, Cedeno, states that the drugs found in the bag belonged to Sanchez. Therefore, all items were, we contend, his.

It is noteworthy that the defendant offered no evidence in support of his contention at the hearing.

■ It is well established that Fourth Amendment rights are personal and may not be asserted vicariously. *Rakas v. Illinois*, 439 U.S. 128, 133, 99 S.Ct. 421, 424, 58 L.Ed.2d 387 (1978). Even though the defendant is charged with possession of the drugs which were found in Cedeno's bag, this charge alone does not give him standing to contest the search of a co-defendant. Nor does a conspiracy charge give him such standing. The Supreme Court recently rejected the "co-conspirator exception" to the standing requirement in *U.S. v. Padilla*, *supra*. As the court stated:

> The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged

only by those whose rights were violated by the search itself, not by those who were aggrieved, solely by the introduction of damaging evidence. Co-conspirators and co-defendants have been accorded no special standing.

*Id.*, —— U.S. at ——, 113 S.Ct. at 1939.

■ The defendant has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search and seizure. *Rakas v. Illinois, supra*, 439 U.S. at 130 n. 1, 99 S.Ct. at 423 n. 1. In order to carry his burden, or even to warrant an evidentiary hearing on the issue, the defendant must offer evidence from someone with personal knowledge of the underlying facts to support the conclusion that the defendant had an expectation of privacy in the area searched. *U.S. v. Sneed*, 732 F.2d 886 (11th Cir.1984); *U.S. v. Viscioso*, 711 F.Supp. 740, 745 (S.D.N.Y.1989).

■ The defendant need not fear testifying at a suppression hearing, because his testimony in support of a motion to suppress on Fourth Amendment grounds may not thereafter be used against him at trial on the issue of guilt. *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968). Thus, the defendant's failure in this case to offer testimony to satisfy his burden of establishing an expectation of privacy in Cedeno's bag is fatal to his argument on standing.

The surmise and speculation contained in defense counsel's brief is clearly insufficient to meet that burden of proof. *See, Rakas v. Illinois, supra*, 439 U.S. at 130 n. 1, 99 S.Ct. at 423 n. 1. Accordingly, the court is required to find that the defendant lacks standing to contest the search of Cedeno's bag and her possessions.

Somewhat as an afterthought, defendant now argues that the affidavit of co-defendant Cedeno establishes standing. In her affidavit, Cedeno states that she met with the defendant and a third party before travelling to Buffalo. She assumed that the third party was the actual owner of the package. The third party gave the package to defendant, who in turn gave it to Cedeno and asked her to transport it to Buffalo.

There are two problems with this argument. First, as a matter of substance, the affidavit does not support defendant's contention. The affidavit indicates that the bag belonged to the third-party companion of the defendant, not the defendant. Furthermore, even if the affidavit were sufficient to warrant a hearing on the issue, once a hearing is conducted, the defendant must do more than rely on affidavits to meet his burden of proof. The defendant himself must testify or call as a witness someone with first-hand knowledge of the facts who can establish defendant's expectation of privacy. That was not done in this case.

Accordingly, I find that the defendant lacks standing to challenge the search of Cedeno's bag.

## II. DEFENDANT'S ADMISSION OF HIS PRIOR ARREST

■ The analysis therefore turns to defendant's motion to suppress defendant's admission to Deputy Fry of a prior arrest for possession of narcotics. The facts as summarized above clearly support the conclusion that the initial encounter between the defendant and Task Force Agent Fry was consensual and that the statement made by the defendant was not the product of custodial interrogation. According to the uncontradicted testimony at the hearing, the defendant and his companion were not restrained in any way, there was no show of force and they were not required to answer questions. The questioning was in a public area and was relatively brief. Although no *Miranda* rights were given prior to the statement, no *Miranda* rights were required under the circumstances. *See, e.g., Florida v. Bostick,* 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *United States v. Glover,* 957 F.2d 1004 (2d Cir.1992).

## III. THE DEFENDANT'S DETENTION BY BORDER PATROL AGENT NORTON

■ Once inside the NFTA police office, Border Patrol Agent Norton confirmed that the defendant was a resident alien who had a prior criminal narcotics conviction. Norton was aware that such a conviction could make the defendant subject to deportation. As of that point in time, he administratively detained the defendant so that he could prepare and serve him with an order to show cause requiring him to appear for a deportation hearing before an immigration judge.

Agent Norton acted pursuant to 8 U.S.C. § 1251(a)(2)(B)(i), which makes deportable any alien convicted of an offense relating to controlled substances, other than a single offense involving possession of 30 grams or less of marijuana for one's own use. Accordingly, the defendant was properly detained by Agent Norton.

## IV. DEFENDANT'S ARREST AND SEARCH

While defendant was being detained by Agent Norton, the drugs were discovered in Cedeno's bag, at which point the defendant was arrested and searched. The items of physical evidence which defendant seeks to suppress were properly seized from the defendant as a search incident to arrest. Defendant has offered no persuasive reason for finding otherwise.

### CONCLUSION

For the foregoing reasons, defendant's motion to suppress should be denied in its entirety.

Respectfully submitted,

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachu-*

setts *Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir.1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.*** *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.***

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the government and the defendant.

**SO ORDERED.**