[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14843

_____

UNITED STATES OF AMERICA,

Defendant-Appellee,

*versus*

BENJAMIN GREEN ROBINSON,

Plaintiff-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00132-GKS-LRH-1

_____

Before ROSENBAUM, JILL PRYOR, and ED CARNES, Circuit Judges.

PER CURIAM:

Benjamin Robinson was convicted of conspiring to distribute and possess with intent to distribute over 500 grams of cocaine. *See* 28 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  He received a 110-month sentence.  Robinson raises four issues on appeal.  After careful review and with the benefit of oral argument, we find no merit to any of them.

First, Robinson argues that the trial court erroneously denied his motion to suppress a package of cocaine intercepted at the post office and introduced against him at trial.  He also complains that the district court should have held an evidentiary hearing on his motion.  Both arguments fail.  Robinson needed to establish a reasonable expectation of privacy in the package before he challenged the search as unreasonable under the Fourth Amendment. *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000).  If a defendant fails to plead sufficient facts to show a reasonable expectation of privacy, "a trial court may refuse a defendant's request for a suppression hearing" and deny his motion to suppress. *United States v. Richardson*, 764 F.2d 1514, 1526–27 (11th Cir. 1985) (quoting *United States v. Sneed*, 732 F.2d 886 (11th Cir. 1984)).

The package was sent from "David Cortez" and addressed to "Brian Stein."  In his motion, Robinson never alleged either of these names was an alias of his.  Nor did he claim a connection to either of the addresses listed on the package.  He likewise failed to

assert any other basis for having a reasonable expectation of privacy in the package. Because Robinson's motion to suppress "was wholly lacking in sufficient factual allegations to establish standing, the district court did not abuse its discretion in refusing to hold an evidentiary hearing." *Cooper*, 203 F.3d at 1285; *see United States v. Smith*, 39 F.3d 1143, 1145 (11th Cir. 1994) (affirming district court's denial of motion to suppress letter where defendant gave "equivocal testimony regarding his ownership interest in the letter," and the evidence showed he was "neither the sender nor the addressee of the letter").

Second, Robinson challenges the admission of his prior cocaine-trafficking conviction under Rules 404(b) and 403 of the Federal Rules of Evidence. Because Robinson failed to object to this evidence at trial, we review for plain error. *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011). We apply a three-part test to evaluate whether evidence is admissible under Rules 404(b) and does not violate Rule 403: (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act"; and (3) "the probative value of the evidence must not be substantially outweighed by unfair prejudice." *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1224 (11th Cir. 1993) (citations omitted). In his response to the government's pretrial motion, Robinson conceded that the first two prongs of this test were satisfied. That leaves only the third one—that the value of

the evidence was substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

We have upheld the admissibility of evidence of prior drug offenses in controlled-substance conspiracy cases when the prior offenses have involved different drugs and when they have occurred more than ten years before the charged offense. *See Diaz-Lizaraza*, 981 F.2d at 1224 (prior marijuana offense admitted to show "intent to conspire to possess and distribute cocaine"); *United States v. Lampley*, 68 F.3d 1296, 1300 (11th Cir. 1995) (evidence of small marijuana deals from fifteen years prior admissible to prove intent to distribute large amounts of cocaine). Robinson's prior conviction was for cocaine trafficking (which was the charged substance here) and occurred less than six years before the charged conduct here. Robinson shows no plain error in the court's admission of his prior conviction here.

Third, Robinson argues insufficient evidence supports his conviction. We review challenges to the sufficiency of the evidence de novo, asking "whether, under the totality of the circumstances, there is sufficient evidence to support a jury verdict when the facts are viewed in the light most favorable to the government." *United States v. Guevara*, 894 F.3d 1301, 1307 (11th Cir. 2018) (quotation marks omitted). The elements of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 including the following: (1) an agreement to violate § 841(a)(1) existed between at least two people; "(2) the defendant knew about the agreement; and (3) the defendant

19-14843              Opinion of the Court                    5

voluntarily joined the agreement." *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021) (citation omitted).

Robinson asserts that sufficient evidence was lacking here because he intended to sell marijuana, not cocaine. But we have explained that "proof of the type of drug involved in the conspiracy is separate and distinct from proof of mens rea as to the type of drug." *United States v. Achey*, 943 F.3d 909, 913 (11th Cir. 2019). So Robinson's defense that he intended to distribute marijuana was not a defense at all. *See United States v. Sanders*, 668 F.3d 1298, 1310 (11th Cir. 2012) (knowledge of the particular type of controlled substance is not an element of 28 U.S.C. § 841(b)).[1] Taking the evidence in the light most favorable to the government, we conclude that sufficient evidence supports the verdict, and Robinson's motion for a directed verdict was properly denied.

Fourth, Robinson contends the government violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to turn over an interview between the lead case agent and Robinson's codefendant in which the codefendant allegedly confirmed that

---

[1] Robinson argues that an exception to this general rule applies for cases where the indictment charges knowledge of the substance as an element of the offense. *See United States v. Narog*, 372 F.3d 1243, 1257 (11th Cir. 2004). But Robinson's indictment is materially indistinguishable from the indictment in *Sanders*, where we concluded that the indictment did not make knowledge of the specific controlled substance an element of the offense. *See Sanders*, 668 F.3d at 1311. Not only that, but we have explained that the *Narog* exception is no longer good law. *See Colston*, 4 F.4th at 1187; *United States v. Nunez*, 1 F.4th 976, 990–91 (11th Cir. 2021).

Robinson was a marijuana dealer.[2]  Robinson's *Brady* claim is unavailing because the undisclosed interview was not favorable, and at best, it was cumulative.  As we've explained, proof that Robinson intended to deal marijuana was not a legal defense here.  Plus, the agent conceded on cross-examination that Robinson was a marijuana dealer.  So even assuming that the evidence was somehow favorable, it "would have constituted, at best, cumulative evidence." *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1361 (11th Cir. 2004) (citation omitted).  As a result, we cannot find that a timely disclosure would have created a "reasonable probability" of a different result here.  *Bagley*, 473 U.S. at 682.

For these reasons, we affirm.

**AFFIRMED.**

---

[2] To establish a *Brady* violation, a defendant must show the following: "(1) the prosecution suppressed evidence; (2) the evidence was favorable to him; and (3) the evidence was material to the establishment of his guilt or innocence." *United States v. Jeri*, 869 F.3d 1247, 1260 (11th Cir. 2017) (quotation marks omitted).  Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).