OPINION
The defendant-appellant, Andrew R. Elmore ("the appellant"), appeals his conviction for driving with a prohibited concentration of alcohol in his breath, in violation of R.C.4511.19(A)(3). For the following reasons, we reverse the judgment of the trial court.
The facts and procedural history of the case are as follows. On or about 1:00 a.m. on the morning of April 10, 1999, Trooper Arbogast of the Ohio State Highway Patrol, while following the appellant's vehicle, noticed the left tires cross the line dividing the two lanes. Trooper Arbogast also observed the appellant's vehicle drift to the right and cross the right white hand edge line. Trooper Arbogast then paced the appellant's vehicle going approximately nine to ten miles per hour over the posted speed limit. Trooper Arbogast activated his lights and pulled over the appellant.
Upon approaching the driver's side of the vehicle, Trooper Arbogast could detect a strong odor of alcohol. Trooper Arbogast noticed that the appellant's eyes appeared heavy and glossy. Trooper Arbogast requested that the appellant perform a series of sobriety tests. The appellant's performance on the field sobriety tests led Trooper Arbogast to believe that the appellant was under the influence of alcohol. Trooper Arbogast placed the appellant under arrest.
Trooper Arbogast then took the appellant to the State Highway Patrol Post. There, Trooper Arbogast administered a breathalyzer test. The first attempt, taken at 2:33 a.m., yielded an invalid result. Trooper Arbogast had the appellant perform a second test at 2:37 a.m. The second test indicated that the appellant had a concentration of .157 of one gram by weight of alcohol per two hundred ten liters of his breath.
The appellant was charged with driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), driving with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(3), and failing to drive in marked lanes, in violation of R.C. 4511.33. The appellant entered a plea of not guilty to the charges.
On May 11, 1999, the appellant filed a motion to suppress the breath test result, primarily alleging that Trooper Arbogast lacked reasonable and articulable suspicion to make the stop. The appellant also argued that, in contravention of the Ohio Department of Health regulations, Trooper Arbogast did not continuously observe the appellant for twenty minutes prior to testing him.[1] The trial court conducted a hearing on the matter and overruled the appellant's motion on July 12, 1999.
On October 18, 1999, the appellant filed an amended motion requesting that the court suppress the breath test result on the grounds that, in contravention of the Ohio Department of Health regulations, Trooper Arbogast did not wait a full twenty minutes between the first test, which resulted in an invalid sample, and the second test. In support of this argument, the appellant cited a directive of the Ohio Department of Health which provides that testers should wait a full twenty minutes before readministering a breathalyzer test after the initial test has resulted in an invalid sample reading.[2] On October 19, 1999, the trial court overruled the appellant's motion without a hearing and without consideration of the merits.[3]
The appellant entered a plea of no contest to the charge that he was driving with a prohibited concentration of alcohol in the breath, in violation of R.C. 4511.19(A)(3). In exchange for his plea of no contest, the State dismissed the remaining charges against him. The trial court found the appellant guilty of the offense.
The appellant now appeals, asserting the following sole assignment of error.
ASSIGNMENT OF ERROR
 The trial court erred in refusing to consider the appellant's amendment to his previously heard motion to suppress.
 In his sole assignment of error, the appellant maintains that the trial court erred by denying him a hearing on his amended motion to suppress. For the following reasons, we agree.
Initially, we note that the State of Ohio has failed to file a brief in the case herein. Appellate Rule 18(C) provides, in pertinent part, as follows:
 If an appellee fails to file his brief within the time provided by this rule * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
 The filing of a motion to suppress is the appropriate procedural vehicle for a defendant charged with a violation of R.C. 4511.19(A)(3) who is seeking to challenge the validity of a breath test result because of non-compliance with the Ohio Department of Health regulations. See Defiance v. Kretz
(1991), 60 Ohio St.3d 1; State v. August (Dec. 14, 1998), Hancock App. No 5-98-31, unreported. Therefore, we must now determine whether a hearing on this motion was warranted. Relevant case law states that a hearing on a motion to suppress is not automatic. In State v. Shindler (1994), 70 Ohio St.3d 54, 58, the Supreme Court of Ohio held that a trial court is not required to conduct a hearing on a motion to suppress unless the defendant places the court and prosecutor on notice of the issues by stating the legal and factual arguments with "sufficient particularity." See, also, Xenia v. Wallace (1988), 37 Ohio St.3d 216; State v. August (Dec. 14, 1998), Hancock App. No. 5-98-31, unreported; Crim.R. 47.
In the case herein, we are convinced that the appellant's amended motion to suppress was in compliance with the mandates ofShindler. The appellant filed a motion and memorandum asserting that, in direct contravention of the Ohio Department of Health regulations, Trooper Arbogast did not wait an extra twenty minutes to retest him after the initial test resulted in an invalid sample reading. The appellant's motion sets forth, in sufficient particularity, the legal and factual grounds for suppression of the breath test result. Therefore, it is our opinion that the appellant's brief reasonably appears to sustain a reversal of the judgment appealed from based upon the facts and issues presented in the appellant's brief.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we vacate the appellant's sentence, reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
 ______________________________ HADLEY, PRESIDING JUDGE
 WALTERS and BRYANT, JJ., concur.
[1] The appellant also set forth several other arguments in support of his motion to suppress.
[2] The directive went into effect on December 14, 1998.
[3] In its journal entry of October 19, 1999, the trial court failed to set forth the basis for overruling the appellant's amended motion to suppress.