THE STATE OF OHIO, APPELLANT, *v.* SHINDLER, APPELLEE.

[Cite as *State v. Shindler* (1994), 70 Ohio St.3d 54.]

(No. 93–1546—Submitted April 6, 1994—Decided August 10, 1994.)

*Mark D. Tolles,* for appellant.

*William V. Stephenson,* Wood County Public Defender, for appellee.

*Rittgers & Mengle, Charles H. Rittgers* and *W. Andrew Hasselbach,* urging affirmance on behalf of *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

NUGENT, J. The issue presented for our review is to what extent a motion to suppress evidence must set forth its legal and factual bases in order to require a hearing.

Crim.R. 47 provides:

"An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

In *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, this court held, at paragraphs one and two of the syllabus:

"1. To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.

"2. Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden

of going forward with the evidence, on the issue of whether probable cause existed for the search or seizure."

We further noted that Crim.R. 47 "requires that the prosecution be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged." *Id.* at 219, 524 N.E.2d at 892.

Appellee's first claim for suppressing the evidence was that the arresting state trooper had no cause for an investigative stop and/or no probable cause to arrest. In her memorandum in support, appellee cited legal authority and set forth a factual basis for challenging the investigative stop and the arrest. Specifically, appellee claimed that the trooper based his arrest on Shindler's minor speeding violation and her moderate odor of alcohol. Appellee claims that these factors, standing alone, do not amount to probable cause to arrest for driving under the influence of alcohol. Thus, appellee's memorandum sufficiently puts the prosecution on notice of the basis of the challenge to the stop and arrest. We conclude that as to the issue of the grounds for the investigative stop and subsequent arrest, appellee's motion to suppress complied with Crim.R. 47 and entitled her to a pretrial hearing.

The next seven grounds listed in appellee's motion to suppress challenge the admission of Shindler's breathalyzer test results into evidence. We recognize that appellee's motion to suppress is a virtual copy of the sample motion to suppress that appears in Ohio Driving Under the Influence Law (1990) 136–137, Section 11.16, a legal handbook authored by the Honorable Mark P. Painter of the Hamilton County Municipal Court and James M. Looker, a criminal defense attorney. The authors note that in *State v. Morehead* (Aug. 8, 1990), Hamilton App. No. C–890534, unreported, 1990 WL 112268, the motion was found to be sufficient to raise issues regarding compliance with alcohol testing regulations to warrant a hearing. The Fourth District Court of Appeals has also found a virtually identical motion to be "fully sufficient in setting forth facts respecting suppression of any alcohol tests." *State v. Gullett* (1992), 78 Ohio App.3d 138, 143, 604 N.E.2d 176, 179.

We agree with the *Morehead* and *Gullett* courts' analyses and find that Shindler's motion to suppress sufficiently set forth facts in support of suppression of the alcohol test. Appellee not only claimed that she was unduly threatened with the loss of her license in violation of R.C. 4511.191, but she also challenged the admission of her breathalyzer test results on the basis of specific regulations and constitutional amendments she believed were violated.

Appellee fully complied with Crim.R. 47 and did, in fact, set forth some underlying facts in the memorandum in support of the motion. The court of appeals below, at page 5 of its opinion, reasoned that "[b]ecause appell[ee]'s motion specifically cites to the statute, regulations and [constitutional] amend-

ments she alleges were violated, we find that her motion gave the prosecutor and the court sufficient notice of the basis of her challenge."

We conclude, based on Crim.R. 47 and *Xenia v. Wallace, supra,* that the court of appeals correctly determined that appellee's motion set forth a sufficient factual and legal basis for her challenge of evidence obtained as a result of her warrantless seizure. Appellee's motion and memorandum stated with particularity the statues, regulations and constitutional amendments she alleged were violated, set forth some underlying factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of her challenge.

Our decision today is in conformity with decisions from the federal courts, *e.g. United States v. Sneed* (C.A.11, 1984), 732 F.2d 886, 888 ("[W]here a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion."); *Cohen v. United States* (C.A.9, 1967), 378 F.2d 751, 760; and those of our sister states, *e.g., State v. Desjardins* (Me.1979), 401 A.2d 165, 169 ("[T]he suppression movant must articulate in his motion with sufficient particularity the specific reason on which he bases his claim that the seizure without warrant was illegal, so that the court will recognize the issue to be decided."); *State v. Miller* (1974), 17 Ore.App. 352, 355, 521 P.2d 1330, 1332 (requiring "specificity in the statement of defendant's legal theory"); *State v. Johnson* (1974), 16 Ore.App. 560, 562, 519 P.2d 1053, 1054 ("a written motion to suppress evidence must specify with particularity the grounds upon which the motion is based"); *Commonwealth v. Metzer* (1993), 430 Pa.Super. 217, 235–236, 634 A.2d 228, 233; cf. *People v. Mendoza* (1993), 82 N.Y.2d 415, 604 N.Y.S.2d 922, 624 N.E.2d 1017.

Our decision today is also in harmony with Crim.R. 12(B)(3), (C) and (G), which generally require that a motion to suppress evidence be filed within thirty-five days after arraignment or seven days before trial, whichever is earlier, and that if the motion is not so filed the issue of the constitutionality of a search and seizure is waived. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32; *State v. F.O.E. Aerie 2295* (1988), 38 Ohio St.3d 53, 526 N.E.2d 66; and *State v. Moody* (1978), 55 Ohio St.2d 64, 9 O.O.3d 71, 377 N.E.2d 1008. By requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived.

We therefore hold that in order to require a hearing on a motion to suppress evidence, the defendant must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided.

The judgment of the court of appeals is affirmed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

DONALD C. NUGENT, J., of the Eighth Appellate District, sitting for RESNICK, J.