OPINION
Defendant-appellant Amit Agarwal appeals the Judgment Entry of the Lancaster Municipal Court, Fairfield County, convicting and sentencing him for one count of OMVI.
Appellant originally pled not guilty, but changed his plea to no contest after the court overruled his motion to suppress evidence of the breath alcohol test. Appellant assigns a single error to the trial court:
 THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO SUPPRESS WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING, THEREBY DEPRIVING HIM OF DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
On October 19, 1996, appellant was arrested for operating a motor vehicle under the influence of alcohol. While in the custody of the Ohio State Highway Patrol, appellant submitted to a breath alcohol test. At his arraignment on October 23, 1996, appellant entered a plea of not guilty. On November 20, 1996, appellant filed a motion to suppress the results of the breath alcohol test. Therein, appellant alleged the following grounds for exclusion:
 1. The Patrol may not have used an acceptable evidential breath testing instrument as required by O.A.C. 3701-53-02 (A).
 2. The breath samples may not have been analyzed according to the operational checklist for the instrument being used as required by O.A.C. 3701-53-02 (B).
 3. The radio frequency interference (RFI) survey may not have been performed by a senior operator as required by O.A.C. 3701-53-02(C).
 4. A new RFI survey may not have been conducted as required by O.A.C. 3701-53-02(C)(2) when the location of the breath testing instrument is moved more than one foot in any direction.
 5. The original RFI survey form and any subsequent RFI survey forms may not have been kept on file in the area where the chemical breath test was performed as required by O.A.C. 3701-53-02(C)(3).
 6. The evidential breath testing instrument may not have been checked for calibration at least once every seven days by a senior operator using a solution of ethyl alcohol approved by the director of health and using the calibration checklist as required by O.A.C. 3701-53-04(A).
 7. The calibration check of the breath testing instrument may not have been valid as required by O.A.C. 3701-53-04(A)(1).
 8. The calibration solutions may not have been stored in the container in which the solutions were placed by their manufacturer and may not have been kept under refrigeration after first use, when not being used, as required by O.A.C. 3701-53-04(A)(4).
 9. The distillation, enzymatic, or gas chromatographic methods, techniques, instruments, or kits may not have been calibrated with a known concentration of ethyl alcohol each day tests were run by the laboratory director or, under his or her general direction, by a laboratory technician, as required by O.A.C. 3701-53-04(B).
 10. The results of calibration checks and records of calibration maintenance and repairs may not have been identified and retained as required by O.A.C. 3701-53-04(C).
 11. The breath test may not have been performed by a senior operator or an operator who was under the general direction of a senior operator, as required by O.A.C. 3701-53-07(B).
 12. The senior operator or an operator who was under the general direction of a senior operator, who conducted the breath test on Defendant, may not have had a permit for the laboratory techniques or methods that were used, as required by O.A.C. 3701-53-09(B).
On December 27, 1996, the trial court denied appellant's Motion to Suppress, finding the allegations set forth in the motion were not sufficient under Crim. R. 47 to merit an evidentiary hearing. In that same entry, the trial court canceled the previously scheduled evidentiary hearing.
Thereafter, on January 14, 1997, appellant filed a motion to reconsider, relying on the Ohio Supreme Court's decision in Statev. Schindler (1994), 70 Ohio St.3d 54. On February 3, 1997, the trial court overruled appellant's motion, finding the motion to suppress "alleges no facts which in the Court's opinion would justify an evidentiary hearing".
Subsequently, appellant entered a plea of no contest to the charge. He was convicted and sentenced by the trial court to seven (7) days of imprisonment; fined $350 plus court costs; and his license was suspended for 180 days. The trial court ordered the sentence suspended on the condition that appellant serve three (3) days in a residential alcohol program. Appellant filed a timely notice of appeal. The trial court stayed the imposition of the sentence pending the outcome of this appeal.
Appellant maintains the trial court erred in denying his motion to suppress without first conducting an evidentiary hearing. Specifically, appellant contends his motion "contained precise citations to the statutory and administrative provisions underlying the assertions of government noncompliance."
Crim. R. 47 provides:
 An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
 To expedite its business, the court may make provisions by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.
In State v. Shindler, supra, the Ohio Supreme court held:
 [I]n order to require a hearing on a motion to suppress evidence, the defendant must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and court on notice of the issues to be decided.
 Id. at 58.
The motion to suppress in Shindler raised nine grounds for suppression:
 1. There was no lawful cause to stop the defendant, detain the defendant, and/or probable cause to arrest the defendant without a warrant.
 2. The test or tests to determine the defendant's alcohol or drug level were not taken voluntarily and were unconstitutionally coerced when obtained due to the threat of loss of license not sanction [sic] by the requirements of R.C. 4511.191.
 3. The individual administering the defendant's test of alcohol did not conduct the test in accordance with the regulations of the Ohio Department of Health governing such testing and/or analysis as set forth in Chapter 3701-53-02 of the Ohio Administrative [C]ode, including the operator's checklist instructions issued by the Ohio Department of Health included in the Appendices to O.A.C. 3701-53-02.
 4. The breath testing instrument was not properly surveyed to determine radio frequency interference by two qualified police officers utilizing two radios and surveying from all positions the hand held, mobile, and base radios required by O.A.C. 3701-53-02 (C) and Appendix G.
 5. The operator of the breath testing instrument did no [sic] insure the defendant's test was conducted free of any radio transmissions from within the affected RFI zone and determined by a properly performed RFI survey as required by O.A.C. 3701-53-02 (C) and appendix G.
 6. The machine or instrument analyzing defendant's alcohol level was not in proper working order and not calibrated in accordance with the time and manner required by O.A.C. 3701-53-04.
 7. The solution used to calibrate the testing instrument was invalid and not properly maintained in accordance with O.A.C. 3701-53-04.
 8. The operator was not licensed to operate the instrument analyzing the Defendant's alcohol level nor was he supervised by a senior operator in accordance with O.A.C. 3701-53-07. The person or persons calibrating the instrument analyzing the defendant's alcohol level were not currently licensed to calibrate the instrument in accordance with O.A.C. 3701-53-07.
 9. Statements from the defendant were obtained in violation of the Fifth Amendment right against self-incrimination and both his Fifth and Sixth Amendment right to counsel as applicable under the Fourteenth Amendment.
 Shindler at 54-55.
The Supreme Court noted the last seven of the foregoing were copied from a sample motion to suppress printed in a legal handbook authorized by the Honorable Mark Painter and James M. Looker, Esquire. The motion had previously been found sufficient by the First and Fourth District Courts of Appeal, Id., citations deleted.
The State argued, and the trial court agreed, that the language in the motion at bar is significantly different from the language approved by the Shindler court. Specifically, appellant's motion here alleges various requirements "may" have been violated, while Judge Painter's motion asserts the requirements "were" violated.
We find the distinction is not a crucial one, and we conclude appellant's motion is sufficient to put the court and the State on notice of the specific factual issues to be litigated at the hearing on the motion to suppress. In Newark v. Lucas (1988),40 Ohio St.3d 100, the Ohio Supreme Court discussed the purposes and pitfalls associated with per se violations like the one at bar. The court recognized the single critical price of evidence is the chemical test, and the accuracy of the test is crucial to a determination of the guilt or innocence of the accused, with all the legal, economic and social implications that entails, Lucas at 103. Because this is as true today as when Lucas was first announced, we hesitate to be too rigid when comparing an accused's motion to suppress to one sanctioned by the Ohio Supreme Court.
We conclude the trial court should not have overruled the motion to suppress without a hearing on the merits.
The assignment of error is sustained.
Fairfield County, App. No. 97CA00308
For the forgoing reasons, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is reversed and the cause is remanded to that court for further proceedings in accord with applicable law and consistent with this opinion.
By: Gwin, J., and Farmer, P.J., concur Hoffman J., dissents