OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Tim Robinson, appeals from his conviction and sentence entered on a no contest plea in the Portage County Municipal Court, Ravenna Division. For the reasons that follow, we affirm the judgment of the trial court.
On October 22, 1998, at approximately 1:00 a.m., Trooper Todd Reider ("Trooper Reider") of the Ohio State Highway Patrol was monitoring traffic on a portion of State Route 59 in Portage County, Ohio. While sitting in a restaurant parking lot, Trooper Reider observed an approaching vehicle that appeared to be travelling in excess of the posted speed limit. Trooper Reider activated his radar and clocked the vehicle at fifty-two m.p.h. in a thirty-five m.p.h. zone. Based on the vehicle's speed, Trooper Reider pulled onto State Route 59 and effected a traffic stop.
The officer approached the stopped vehicle and saw appellant siting behind the steering wheel. When Trooper Reider asked appellant for his driver's license, the officer noticed an odor of alcohol emanating from within the vehicle. As a result, he asked appellant to walk back to his patrol car.
Once in the patrol car, Trooper Reider asked appellant if he had been drinking. Appellant told the officer that he had three drinks that night. During the conversation, Trooper Reider detected an odor of alcohol on appellant's breath. Accordingly, Trooper Reider performed several field sobriety tests on appellant. Due to appellant's poor performance on the tests, Trooper Reider determined that appellant was under the influence of alcohol and placed him under arrest.
Appellant was transported to the Ravenna Highway Patrol post. At the post, Trooper Reider asked appellant to submit to a breath test, to which appellant agreed. After observing appellant for the required twenty minutes, Trooper Reider instructed appellant on how to properly breath into the machine. On his first attempt, appellant failed to blow into the machine long enough, and as a result, a reading of "invalid sample" was printed out. This printout was discarded by the officer.
On appellant's second attempt, the results of the test indicated that appellant had a concentration of alcohol of .118% of a gram per 210 liters of breath. Appellant was subsequently charged with speeding in violation of R.C. 4511.21, driving under the influence of alcohol in violation R.C. 4511.19(A)(1), and driving with a prohibited breath alcohol concentration in violation of R.C. 4511.19(A)(3).
On December 10, 1998, appellant filed a motion to suppress the results of the breath test. A hearing was held on January 27, 1999, at which time appellant stipulated to the results of the second test. At the conclusion of the evidence, the trial court overruled appellant's motion to suppress.
On March 4, 1999, appellant entered a plea of no contest to driving with a prohibited breath alcohol concentration. The remaining two charges were dismissed by the trial court at the request of appellee. Appellant was sentenced accordingly. From this decision, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error for our review:
 "The trial court erred to the prejudice of defendant-appellant in overruling his motion to suppress the results of the B.A.C. verifier test because said testing procedure was not conducted in compliance with the Ohio Administrative Code Regulations."
 When considering a motion to suppress, the trial court must weigh the evidence and judge the credibility of witnesses. State v. Koziol (Aug. 29, 1997), Lake App. No. 96-L-193, unreported, at 4, 1997 WL 585913, citing State v. DePew (1988), 38 Ohio St.3d 275, 277. Upon review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Koziol at 4, citing State v. Retherford (1994), 93 Ohio App.3d 586, 592. After accepting such factual findings as true, the appellant court must then independently determine whether the applicable legal standard has been met as a matter of law. Koziol at 4; Retherford at 592.
First, we would like to note that appellant's motion to suppress did not raise with particularity the issue of Trooper Reider's disposing of the "invalid sample" printout. Crim.R. 47 requires that a motion to suppress state its underlying legal and factual basis with sufficient particularity to place the prosecution and the trial court on notice of the issues to be decided. State v. Hominsky (1995), 107 Ohio App.3d 787, 791, citing State v. Shindler (1994), 70 Ohio St.3d 54. Despite appellant's failure to strictly comply with Crim.R. 47, the prosecution did not object to appellant arguing this issue at the hearing on the motion to suppress. As a result, we will address the merits of appellant's appeal.
O.A.C. 3701-53-01(A) requires that all Breathalyzer test results be recorded and retained for a minimum of three years. Based on this requirement, appellant argues that law enforcement officers should also keep printouts which reflect an "invalid sample." Appellant maintains that such a rule would prevent "unscrupulous law officers" from throwing away results below the legal limit. In addition, appellant believes that the history of a machine cannot be properly tracked if there is no record of "failed tests." We disagree.
First, the Ohio Administrative Code does require certain documents be kept for a period of three years. Those documents include checklist forms recording the results of subject tests, instrument checks, maintenance records, and the actual test results themselves. See, generally, O.A.C. 3701-53-02(B); O.A.C.3701-53-04(E). With respect to test results, O.A.C. 3701-53-01(A) states that "results" shall be expressed as equivalent to:
 "(1) Grams by weight of alcohol per one hundred milliliters of blood (grams per cent by weight);
 "(2) Grams by weight of alcohol per two hundred ten liters of deep lung breath;
 "(3) Grams by weight of alcohol per one hundred milliliters of urine (grams per cent by weight)."
 As can be clearly seen, a "result," as that term is defined above, does not encompass a result expressed as "invalid sample." Accordingly, we conclude that an officer conducting such a test is not required to retain a printout to that effect.
In addition, appellant has also failed to show that he suffered prejudice as a result of any alleged noncompliance with Ohio Department of Health ("ODH") regulations. In order for the results of a breath alcohol test to be admissible evidence, the testing procedures must comply with ODH regulations. Hominsky at 795. It is incumbent upon the person contesting the reliability of the test to raise the issue before the court. Only then is the prosecution required to prove that the test was conducted in substantial compliance with the applicable regulation. Defiancev. Kretz (1991), 60 Ohio St.3d 1, 3; State v. Mansour (Dec. 5, 1997), Portage App. No. 96-P-0274, unreported, at 3, 1997 WL 772941.
Here, appellant's attorney stipulated to the validity of the results of the second test at the beginning of the suppression hearing. Because appellant did not question those results, the prosecution did not introduce its calibration packet to show that the machine in question was working properly on the day appellant was tested. Accordingly, even assuming that the "invalid sample" printout should have been retained, we fail to see how the failure to do so affects the validity of the second test, especially in light of appellant's stipulation. In effect, by stipulating to the validity of the results of the second test, appellant conceded the fact that Trooper Reider had substantially complied with the relevant regulations when conducting the tests.
Furthermore, there is no evidence in the record, nor has appellant suggested, that the test was administered improperly or that the testing procedure was flawed in any way with respect toeither test. During the suppression hearing, Trooper Reider testified that he retested appellant immediately after the "invalid sample" result came back. Before doing so, however, the officer once again explained to appellant what he needed to do to complete the test. In addition, Trooper Reider initiated a new testing sequence, which included removing the first mouthpiece and replacing it with a new one. Therefore, we conclude that, based on the evidence in the record, Trooper Reider substantially complied with the ODH regulations. Thus, the trial court properly denied appellant's motion to suppress.
Based on the foregoing analysis, appellant's assignment of error is meritless. The judgment of the trial court is affirmed.
 _________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.