OPINION
This is an appeal from the Portage County Municipal Court, Ravenna Division. Appellant, Terri L. Porter, appeals the trial court's judgment entry sentencing her for driving under the influence.
On August 16, 1998, Patrolman Joseph Smolic ("Patrolman Smolic"), who is employed by the Streetsboro Police Department, observed appellant's vehicle traveling eastbound on State Route 14 at an excessive rate of speed. Consequently, Patrolman Smolic activated his radar and checked appellant's rate of speed. The radar indicated that appellant was traveling sixty-five miles per hour in a fifty mile per hour zone. Patrolman Smolic then made a U-turn, as he was traveling westbound on State Route 14.
Patroman Smolic stopped appellant, and after having approached her automobile, Patrolman Smolic noticed a strong odor of alcohol coming from inside the vehicle. He also observed that appellant's speech was slurred. Appellant then informed Patrolman Smolic that she had consumed "one beer." Field sobriety tests were then administered, which appellant, per Smolic, failed to successfully complete. Appellant was subsequently placed under arrest for driving under the influence, a violation of R.C.4511.19(A)(1), taken to the Streetsboro Police Department, and given a Breathalyzer examination. The Breathalyzer test revealed a breath alcohol content of .125.
A complaint was filed in the lower court, on August 18, 1998, charging appellant with driving under the influence, in violation of R.C. 4511.19(A)(1) and (A)(3); exceeding the speed limit, a violation of R.C. 4511.21; and driving with a suspended license, a violation of R.C. 4507.02(D). The latter three charges were later dismissed.
After entering a plea of not guilty, appellant filed two motions to suppress by two separate counsel. One motion was filed on October 6, 1998, and the other on January 21, 1999. In both of her motions, appellant avers that the Breathalyzer examination results must be suppressed because they were unconstitutionally obtained by coercion through threats of loss of license.[1]
Appellant further argues that there was no lawful cause to stop her and the field sobriety tests must thus be suppressed.
A hearing on appellant's motions to suppress was held and overruled by the trial judge on April 28, 1999. On June 14, 1999, appellant entered a plea of no contest and the trial court found appellant guilty of driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1). In a separate judgment entry filed on June 14, 1999, the trial court sentenced appellant to serve sixty days in the Portage County Jail and to pay a fine in the amount of $490 plus costs. Fifty-seven days of the sentence and $250 of the fine were suspended provided that appellant meet certain demands of the court. Appellant's driver's license was also suspended for six months. The sentence was stayed pending this appeal.
On June 17, 1999, appellant filed the instant appeal, raising the following assignments of error:
 "[1.] The court erred in concluding that the state produced sufficient evidence at the suppression hearing (T.D. 31) that [appellant's] vehicle is the vehicle that the officer clocked at an excessive rate of speed to justify the stop and detention. (T.P. 32, 33)[2]
 "[2.] The court erred as a matter of law in finding that the state met its burden at the suppression hearing to establish that the K-55 Python radar device was properly calibrated and properly functioning at the time of [appellant's] stop and arrest. (T.P. 32, 33)"
In her first assignment of error, appellant contends that Patrolman Smolic had a great deal of difficulty in recollecting the events surrounding appellant's arrest during the suppression hearing. Specifically, appellant states that Patrolman Smolic did not recall the exact point at which he stopped appellant, he did not recall the distance he was from appellant's vehicle when he clocked her, he did not remember if there were other vehicles on the road, he admitted it was dark on that particular stretch of highway, he admitted to making a U-turn and losing sight of appellant's vehicle, he failed to recall the color of the vehicle when he first clocked it, and he did not know how far he was from appellant's automobile when he activated his lights and sirens. Thus, appellant claims that the vehicle clocked by Patrolman Smolic was just as likely as not to be a different vehicle than appellant's and, therefore, stopping appellant was illegal.
The standard to be applied in addressing a sufficiency argument was stated by this court in State v. Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, 10-11:
 "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the jury, while `manifest weight' contests the believability of the evidence presented.
 "`"(* * *) (T)he test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * * "'
 "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
 "On the other hand, `manifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 "`In determining whether the verdict was against the manifest weight of the evidence,' "(* * *) (t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' * * * " (Citations omitted and Emphasis sic.)
In the case sub judice, Patrolman Smolic testified that he observed a speeding vehicle on State Route 14 at approximately 1:28 a.m. Moreover, he testified that when the vehicle approached him, he was able to identify it. Patrolman Smolic also activated his radar and testified that he clocked the car going sixty-five miles per hour in a fifty mile per hour zone. Although he admitted to having to make a U-turn in order to get behind the speeding automobile, Patrolman Smolic stated that he stopped the same vehicle that he had previously observed. Additionally, he testified that appellant smelled of alcohol, had slurred speech, and admitted to having consumed alcohol. Finally, appellant failed the field sobriety tests and a Breathalyzer examination.
Indeed, the testimony presented by Patrolman Smolic, if believed, demonstrates that appellant's vehicle was speeding, resulting in probable cause to conduct a traffic stop; that appellant was, in fact, the driver of the vehicle when the traffic stop was executed; that appellant's statement that she had consumed one beer, coupled with signs of slurred speech and an odor of alcohol, provided Patrolman Smolic with the justification to administer field sobriety tests; and that appellant failed the field sobriety tests and Breathalyzer examination.
Additionally, the factors necessary to execute a traffic stop were established. Accordingly, there was sufficient evidence to conclude that the traffic stop of appellant's automobile was justified. Finally, as to appellant's argument that Patrolman Smolic may have misidentified appellant's automobile, we note that this issue was never considered by the trial court. Since this argument was not raised in the trial court, it is deemed to have been waived, and we are not required to address it on appeal.State v. Williams (1977), 51 Ohio St.2d 112, 117; State v.Applebury (1987), 34 Ohio App.3d 376, 379. Thus, appellant's first assignment of error is without merit.
In her second assigned error, appellant avers that it was unreasonable to conclude that the K-55 Python radar unit was properly calibrated and functioning at the time she was stopped. As the basis for this claim, appellant states that within four months after her arrest, the tuning forks on the unit were "out of tolerance" and needed repair. Therefore, appellant impliedly argues that there was no reasonable basis for the traffic stop. As to this point, we note, that the trial court judge indicated, at the conclusion of the suppression hearing, that she could not conclude that because the tuning forks were out of tolerance several months after the detention and arrest of appellant that they were not functioning properly at the time of the stop. In other words, the trial court determined that such evidence, although perhaps relevant, was not particularly probative of the condition of the tuning forks on August 16, 1998.
Additionally, in Ohio, when a police officer witnesses a motorist commit a traffic violation, the officer has probable cause to stop the vehicle for the purpose of issuing a traffic citation. State v. Carleton (Dec. 18, 1998), Geauga App. No. 97-G-2112, unreported, at 4, 1998 WL 964286. Further, "a police officer's visual perception that a motor vehicle was speeding, coupled with years of experience, constitutes specific and articulable facts which provide the police officer with reasonable grounds to make an investigatory stop, and also is sufficient to support a conviction for speeding." State v. Lawless (June 25, 1999), Portage App. No. 98-P-0048, unreported, at 3, 1999 WL 454627.
Even assuming arguendo that the K-55 Python radar device was not functioning properly, the traffic stop of appellant's vehicle was based on reasonable grounds under Ohio law since Patrolman Smolic, a veteran of the Streetsboro Police Department, testified that he visually perceived appellant to be speeding, which is permissible under our holding in Lawless. Furthermore, we note, as pointed out by appellee, the state of Ohio, in its brief, two separate motions to suppress were filed in the trial court on behalf of appellant. Neither of these motions nor the supporting memoranda filed with them allege that the radar device was not in working order or properly calibrated, or that the arresting officer stopped the wrong car.
The Supreme Court of Ohio has held that the "accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." State v. Shindler (1994), 70 Ohio St.3d 54, syllabus. Neither of the foregoing motions do so. Accordingly, when the issue regarding the radar device manifested itself at the hearing on the motion to suppress, appellee, in our opinion, could have merely indicated that it had nothing to present based on the lack of notification regarding that issue. Therefore, appellant's second assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
 _________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] Although this precise argument was set forth in appellant's motions to suppress, it was not advanced here on appeal. Hence, it need not be addressed by this court. App.R. 12(A); App.R. 16(A)(4).
[2] While appellant defines her first assignment of error as relating to the sufficiency of the evidence at the suppression hearing, we note that this assignment more appropriately relates to the weight or credibility of the evidence.