On this appeal from an order of Bedford Municipal Court Judge Peter J. Junkin, I concur with the majority opinion but write separately to point out that Randazzo's motion for leave to file an untimely motion to suppress evidence failed to provide the judge with any basis upon which to extend, in the interest of justice, the time proscriptions of Crim.R. 12(C). When it appears an accused has full knowledge of the circumstances and surrounding facts within thirty-five days after arraignment, the interests of justice would best be promoted when the request to file an untimely motion to suppress evidence states, with sufficient particularity, both (1) the reasons why the motion to suppress evidence could not be filed in a timely manner and (2) the legal and factual bases to place the prosecutor and judge on notice of the suppression issues themselves. Crim.R. 47.[1]
[1] Cf. State v. Shindler (1994), 70 Ohio St.3d 54; 636 N.E.2d 319, syllabus (In order to require a hearing on a motion to suppress evidence the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor Randazzo's simple, singular assertion that he discharged one attorney and hired another cannot be a reason, under the circumstances presented here, for a judge to extend motion deadlines. and the court on notice of the issues to be decided.)