JOURNAL ENTRY AND OPINION
Defendant Raysheem Smith appeals from his conviction for possession of more than one but less than five grams of cocaine. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
On October 19, 1999, defendant was indicted for one count of possession of more than one but less than five grams of cocaine, and possession of criminal tools (money, cellular phone and pager).
On December 23, 1999, defendant filed a motion to suppress the state's evidence in which he asserted that he was stopped, detained and arrested without probable cause. In relevant part, defendant asserted:
 On the above date, Officer Samuel Crutchfield stated that he ran a check of the license plates for the vehicle that the Defendant was operating. This officer then stated that at the time, [the station] gave me information that the plates on the vehicle did not match. Preliminary Hearing Transcripts, pg. 4. The officer then activated his over-head lights and siren. The officer then purports to request a drivers license from the Defendant, which, allegedly, the Defendant did not comply with until placed in the rear of the police cruiser (#3136).
 Preliminary Hearing, pgs. 3 and 5. This officer had no reason to believe the defendant was armed or dangerous.
 Id., at 15. This officer then informed the Defendant that the plates did not match his vehicle. Id.
 This officer then proceeds to conduct an illegal and unauthorized entry and search of the Defendant's vehicle and enter the vehicle and opened the glove box to obtain registration papers. This was done without the consent of the Defendant. The officer then states that while he was checking the VIN, he could see the Defendant moving around. The officer then pulled the Defendant out of the cruiser and handcuffed him. The officer had the cruiser searched and allegedly a baggie was found. While already under arrest, the Defendant was transported to the station. Id., at 5, 15.
The trial court held a hearing on the motion to suppress on January 6, 2000. Defense counsel indicated that the defendant was stopped for an exceedingly minor violation, or, alternatively, that the officer had lied about his reasons for stopping defendant. The trial court indicated that defendant's trial counsel did not adequately assert the basis for the motion to suppress. The court therefore required defendant's counsel to elicit testimony from the arresting officer. Defendant's trial counsel complied[1] and questioned the officer. The prosecuting attorney did not question any witnesses. The trial court subsequently denied the motion to suppress.
The state presented its case-in-chief. Defendant elected to present evidence and introduced exhibits. The matter was subsequently submitted to the jury. Defendant was convicted of possession of cocaine as charged and acquitted of possession of criminal tools. The trial court sentenced defendant to seventeen months imprisonment, suspended his drivers' license for five years and fined him $5,000. Defendant now appeals and assigns five errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT DENIED MR. SMITH'S CONSTITUTIONAL RIGHTS TO DUE PROCESS, EFFECTIVE ASSISTANCE OF COUNSEL AND PROTECTION FROM UNREASONABLE SEARCH AND SEIZURE.
Within this assignment of error, defendant asserts that in deciding the motion to suppress, the trial court erroneously shifted the burden of proof to defendant and required him to prove that the stop and search were unconstitutional. He further maintains that the trial court erroneously determined that stop and search were not conducted in violation of defendant's constitutional rights.
With regard to procedure, we note that in Xenia v. Wallace (1988),37 Ohio St.3d 216, paragraphs one and two of the syllabus, the Supreme Court stated:
 "1. To suppress evidence obtained pursuant to a warrantless search or seizure, the defendant must (1) demonstrate the lack of a warrant, and (2) raise the grounds upon which the validity of the search or seizure is challenged in such a manner as to give the prosecutor notice of the basis for the challenge.
 "2. Once a defendant has demonstrated a warrantless search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with the evidence, on the issue of whether probable cause existed for the search or seizure."
The Wallace court reached this decision, in part, on the presumption of unreasonableness that attaches to searches conducted outside the judicial process. Id. at 218.
Later, in State v. Shindler (1994), 70 Ohio St.3d 54, the Supreme Court of Ohio held that "in order to require a hearing on a motion to suppress evidence, the defendant must state the motion's legal and factual basis with sufficient particularity to place the prosecutor and court on notice of the issues to be decided." Id. at the syllabus; see, also, Crim.R. 47. The Shindler Court stated:
 Appellee's first claim for suppressing the evidence was that the arresting state trooper had no cause for an investigative stop and/or no probable cause to arrest.
 In her memorandum in support, appellee cited legal authority and set forth a factual basis for challenging the investigative stop and the arrest. Specifically, appellee claimed that the trooper based his arrest on Shindler's minor speeding violation and her moderate odor of alcohol. Appellee claims that these factors, standing alone, do not amount to probable cause to arrest for driving under the influence of alcohol. Thus, appellee's memorandum sufficiently puts the prosecution on notice of the basis of the challenge to the stop and arrest. We conclude that as to the issue of the grounds for the investigative stop and subsequent arrest, appellee's motion to suppress complied with Crim.R. 47 and entitled her to a pretrial hearing.
In this instance, defendant outlined the facts surrounding the stop and arrest in his motion to suppress. He also argued that these facts were legally insufficient justification for the stop and arrest. He additionally explained to the court that he believed either that the license problem which the arresting officer mentioned at the preliminary hearing was trivial or the officer had lied about his reasons for stopping defendant. We therefore hold that he asserted grounds for suppression with sufficient particularity.Further, since defendant's trial counsel satisfied the need for particularity, we conclude that the court erred in failing to require the prosecuting attorney to assume the burden of going forward in this matter.
More critically, the record reveals that the prosecuting attorney did not offer any evidence at the hearing. The trial court therefore also charged defendant's trial counsel with the burden of proof at the suppression hearing. This obviously affected the outcome of the hearing and constituted error prejudicial to defendant. Defendant's first assignment of error is well-taken. This matter is reversed and remanded to the trial court for proceedings consistent with this decision. On remand, the burden shifts to the state as to whether probable cause existed for the search. The remaining assignments of error are moot.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., CONCURS.
JOYCE J. GEORGE, J.*, CONCURS IN JUDGMENT ONLY
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.
[1] This questioning consists of 67 pages of transcript, over two days. The court did not require the prosecutor to question the witness. Thereafter, the court denied the motion.