DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Fulton County Court of Common Pleas. There, appellant was convicted of felony driving under the influence of alcohol. Because we conclude that the chemical alcohol test administered to appellant was in substantial compliance with the rules, we affirm.
On September 29, 2000, a Wauseon police officer stopped an automobile driven by appellant, Michael Dean Crawford, for speeding. When appellant was unable to produce a driver's license, the officer asked him to step out of his car. The officer testified that, as appellant emerged from his car, he observed a strong order of an alcoholic beverage, blood shot eyes, slightly slurred speech, and unsteadiness. According to the officer, appellant admitted he had been drinking.
The officer administered two field sobriety tests: a horizontal gaze nystagmus test, which the officer reported appellant failed, and a one-leg-stand test, which appellant was unable to complete. According to the officer, appellant told him that he could not perform this test because he was "too drunk."
At 11:33 p.m.[1], the officer arrested appellant for driving under the influence, handcuffed him and placed him in the rear of his police cruiser. The officer then inventoried appellant's vehicle and had it towed away. This exercise took approximately twenty minutes. At 11:53 p.m., the arresting officer transported appellant to the Fulton County Sheriff's station where, at 12:11 a.m., the officer administered a breath test. The test revealed that appellant had an equivalent blood alcohol content of .165 percent.
Appellant was cited for speeding, driving under suspension and driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellant was also cited for driving with a prohibited alcohol content in violation of R.C. 4511.19(A)(3). Appellant was later charged in a two count indictment with felony violations of R.C. 4511.19(A)(1) (3); the indictment contained a specification that appellant had three or more convictions of these same offenses within the immediately preceding six years. See R.C. 4511.99(A)(4).
Appellant pled not guilty and moved to suppress the results of his breath and horizontal gaze nystagmus tests, arguing that his arrest was without probable cause, the gaze nystagmus test was not in compliance with health department regulations and the officer conducting the breath test did so without observing appellant for a full twenty minutes before administering the test.
Following a hearing, the court denied appellant's motion to suppress the test results. Appellant then changed his plea to one of no contest to both counts of the indictment, following which the court found him guilty of a violating of R.C. 4511.19(A)(1), with specifications, and imposed sentence. Appellant now appeals, setting forth the following four assignments of error.
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BY FINDING THAT THE BREATH TEST RESULT WOULD BE ADMISSIBLE AT TRIAL DESPITE THE STATE'S FAILURE TO LAY A FOUNDATION FOR ITS ADMISSIBILITY
 "SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS DUE TO NON-COMPLIANCE WITH THE TWENTY-MINUTE OBSERVATION PERIOD IN VIOLATION OF THE DEPARTMENT OF HEALTH REGULATIONS
 "THIRD ASSIGNMENT ERROR
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS THE HORIZONTAL GAZE NYSTAGMUS TEST ASIT
[sic] WAS NOT ADMINISTERED IN STRICT COMPLIANCE WITH NHTSA AND THE RESULTS CANNOT SERVE AS EVIDENCE OF PROBABLE CAUSE TO ARREST
 "FOURTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS AS THERE WAS NOT PROBABLE CAUSE TO ARREST"
 I.
The state concedes that the Horizontal Gaze Nystagmus test performed on appellant was not in compliance with health department regulations and, therefore, is unavailable as either evidence of intoxication or in support of probable cause for appellant's arrest. State v. Holman
(2000), 89 Ohio St.3d 421, paragraph one of the syllabus. Nevertheless, the state argues that there was sufficient evidence of appellant's intoxication without the challenged test to effect an arrest.
At issue is whether the arresting officer had probable cause to believe that appellant was intoxicated. "Probable cause" has been defined as a reasonable ground for belief of guilt, based upon objective facts which would justify the issuance of a warrant by a judge or magistrate. Statev. Moore (2000), 90 Ohio St.3d 47, 49. The arresting officer testified that appellant had a strong order of an alcoholic beverage about him, blood shot eyes, moderately slurred speech, somewhat unsteady gait and was unable to perform the one-leg-stand test because he was "too drunk." If the officer is believed, which he apparently was, by the trial court, he has articulated objective reasons to form a reasonable belief that appellant was intoxicated.
Accordingly, while appellant's third assignment of error is well-taken, the victory is unavailing because there was sufficient evidence to establish probable cause for his arrest without reference to the nystagmus test. Consequently, appellant's fourth assignment of error is not well-taken.
 II.
Appellant's remaining assignments of error deal with the admissibility of appellant's breathalyser test.
In his motion to suppress, appellant enumerated five grounds for suppression. However, in his third ground, appellant omitted the word "not" from his statement of grounds. As filed, the motion stated that suppression should be had because, "Results of instrument checks * * * have been retained in accordance with [the Ohio Administrative Code.]"
When the state failed to present evidence of record retention at the suppression hearing, appellant moved to suppress the test results, arguing that the state had failed to meets its burden to present foundational evidence of compliance of the retention rules. On appeal, appellant cites as error the trial court's denial of this request.
Despite the gamesmanship that appears to be in play here, we must, nevertheless, conclude that the state's position is correct. In a motion to dismiss, a defendant must state with particularly the legal and factual issues involved. When the state is not properly advised of these issues, they are waived. State v. Shindler (1994), 70 Ohio St.3d 54, syllabus. Although here it does not require advanced decryption skills to decipher appellant's intent, there is nothing in the law which requires the state to interpret a defendant's proposition. Accordingly, appellant's first assignment of error is not well-taken.
In his remaining assignment of error, appellant complains that the results of his breathalyser test should have been suppressed because the officer conducting the test failed to observe him for the requisite twenty minutes prior to administering the breath test. See, Ohio Adm. Code 3701-53-02(B). According to appellant, during the time the arresting officer was inventorying his car and supervising its tow, he was in no position to observe appellant. Only when the officer transported appellant to the sheriff's department was observation realistic, appellant maintains. Since transport was begun at 11:33 p.m. and the test was administered at 12:11 a.m., appellant insists that the actual period of observation was no more than eighteen minutes.
The purpose of the twenty minute period of observation is ensure that the accuracy of the test is not tainted by the ingestion of material orally or by belching or vomiting. Any of these events has the capacity to cause a false reading. State v. Steele (1977), 52 Ohio St.2d 187,190. However, substantial compliance with the rule is sufficient, absent a showing of prejudice to the defendant. State v. Weidner (Sept. 29, 2000), Ottawa App. No. OT-00-01, unreported. Observation periods for as short as seventeen minutes have been held to be in substantial compliance with the rule when, as here, the time was coupled with additional time during which defendant was handcuffed and in the back seat of a police cruiser and the defendant offered no testimony that he or she ingested anything during this time. Id. at 10, citing State v. Valentine (Aug. 3, 1993), Ross App. No. 91 CA 1843, unreported, and State v. Morrow
(Dec. 11, 1991), Guernsey App. No. 91-05, unreported. Compare State v.Durdel (Aug. 23, 1985), Sandusky App. No. S-85-11, unreported, in which there was evidence that the defendant was smoking during the observation period.
The facts in this case are remarkably similar to Steele, supra. There, eight minutes of the twenty-seven minutes between Steele's arrest and the administration of a breath test were in transporting him to a police station. Steele was admittedly not fully observed during the transport time. In Steele, the Supreme Court held that absent evidence that a subject had actually ingested something or otherwise corrupted the test results, this observation period was in substantial compliance with the rule. Id.
Here appellant was handcuffed and held in the back of a police cruiser for twenty minutes, then observed for eighteen minutes at the Sheriff's station prior to being administered the breathalyser. No evidence was presented during the suppression hearing that during this time appellant ingested anything or otherwise corrupted the test results. These facts are indistinguishable from Steele.
Accordingly, appellant's second assignment of error is not well-taken.
Upon consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., Judge, CONCUR.
[1] The stop and arrest were recorded on videotape, containing a time card. The tape was introduced as evidence at the suppression hearing.