OPINION
Appellant, Timothy Wilkins, appeals the judgment entry of conviction and sentencing of the Marion Municipal Court, Marion County, Ohio, finding him guilty of driving under the influence of alcohol/drug of abuse and sentencing him accordingly.
Appellant was charged with driving under the influence of alcohol/drug of abuse in violation of Revised Code section 4511.19(A)(1), as well as two other offenses, on December 31, 2001. Thereafter, the appellant entered a plea of not guilty on January 2, 2002. Appellant obtained counsel to represent him in this matter; however, this attorney withdrew from the case on February 5, 2002. Appellant obtained new counsel on the same day and requested a jury trial.
Appellant's new counsel filed a motion for leave to file a motion to suppress instanter on March 5, 2002. The following day the case came on for trial. At that time, Appellant's counsel renewed his motion for leave to file a motion to suppress. The trial court overruled this motion on the record. The appellant then pled no contest to the charge of driving under the influence, and the State dismissed the other two charges against him. The court accepted the plea of no contest, found Appellant guilty of violating R.C. 4511.19(A)(1), and sentenced him. This appeal followed, and Appellant now asserts one assignment of error. "DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS, AS WELL AS HIS RIGHT UNDER SECTION 10, ARTICLE I, OHIO CONSTITUTION."
Attorneys licensed by the State of Ohio "are presumed to provide competent representation." State v. Jones (Sept. 27, 2000), Auglaize App. No. 02-2000-07, 2000 WL 1420271, *2 (citing State v. Hoffman (1988),129 Ohio App.3d 403, 407). However, the State of Ohio has adopted the two-part test for determining whether a criminal defendant has been denied the effective assistance of counsel established by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. See State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "A convicted defendant must first show that his attorney's performance `fell below an objective standard of reasonableness,' and must then show that `there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Jones, supra (quoting Strickland v. Washington,466 U.S. at 688, 694).
As to the first prong of the test, courts are to afford a high level of deference to the performance of trial counsel. Bradley,42 Ohio St.3d at 142. Regarding the second prong of Strickland, reasonable probability requires a probability sufficient to undermine the confidence in the outcome of the proceedings. Id. It is with these standards in mind, that this Court now scrutinizes the proceedings below.
The appellant maintains that his original counsel failed to provide effective assistance by not timely filing a motion to suppress. Appellant contends that a motion to suppress should have been filed because the police officer did not have probable cause to stop his vehicle for speeding and the field sobriety tests were not conducted in strict compliance with established standards. However, his original trial counsel did not file the motion within the time prescribed by Criminal Rule 12(D).
Our analysis of this issue begins by noting that the "failure to file a suppression motion does not constitute per se ineffective assistance of counsel." Kimmelman v. Morrison (1986), 477 U.S. 365, 384, cited inState v. Madrigal (2000), 87 Ohio St.3d 378, 389. There must also be a reasonable probability that the motion will be successful. See State v.Ligon (June 18, 2001), 3rd Dist. No. 4-2000-25, 2001 WL 676377; State v.O'Hara (June 29, 2001), 1st Dist. Nos. C-000314, C-000318, 2001 WL 725410. Appellant relies upon an Eleventh District Court of Appeals case, wherein that court held that an attorney's failure to file a motion to suppress evidence of a non-compliant field sobriety test constituted ineffective assistance of counsel. See State v. Lowe, Trumbull App. No. 2000-T-0138, 2001-Ohio-8816, 2001 WL 1647197. However, the appellant's argument is misplaced.
In Lowe, counsel for a defendant charged with a DUI filed a motion to suppress based upon the allegation that the stop was illegal but neglected to move to suppress the evidence of the field sobriety tests, which were not conducted in strict compliance with the National Highway Transportation Safety Administration ("NHTSA") guidelines. At trial, the arresting officer testified as to how he conducted the field tests. Id. The court found that the officer's "own testimony indicate[d] that he failed to strictly comply with the mandate of the NHTSA manual in conducting all three field-sobriety tests." Id. Further, the court found that without the field sobriety tests, the officer did not have probable cause to arrest the defendant. Id. Relying upon the Ohio Supreme Court's decision in State v. Homan (2000), 89 Ohio St.3d 421, wherein the Court held that a non-compliant field sobriety test was inadmissible in determining probable cause to arrest for DUI, the Eleventh District found that the defendant's counsel was ineffective for failing to file a motion to suppress based upon these facts. Id.
The case sub judice is quite distinguishable from Lowe. Here, the record is devoid of any evidence, testimonial or otherwise, that would substantiate the allegations raised by the appellant. In addition, both the brief filed with this Court and the motion for leave to file a motion to suppress filed in the lower court fail to state with particularity how the field tests were conducted and how they failed to comply with NHTSA standards.
In asserting that prior counsel was ineffective for failing to challenge the field sobriety tests, Appellant provides the following quote from Lowe: "Where a defendant has been convicted of driving under the influence of alcohol (DUI) and driving without headlights, we decide that the convictions must be reversed and a remand ordered. We so rule because defense counsel provided his client ineffective assistance in making no effort to suppress certain field sobriety tests on the basis that a state trooper had not complied strictly with the Student Manual of the National Highway Traffic Safety Administration regarding Detection and Standardized Field Sobriety Testing." This language would seem to indicate that counsel is per se ineffective when he/she does not allege that tests should be suppressed because of non-compliance with NHTSA. However, this language is nowhere to be found in Lowe or Homan, and in fact, this Court has been unable to find any case law containing this language.
The Ohio Supreme Court has held that "the accused must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided."State v. Shindler (1994), 70 Ohio St.3d 54. In Shindler, the Court found that the motion to suppress was sufficient when it "stated with particularity the statutes, regulations and constitutional amendments she alleged were violated, set forth some underlying factual basis to warrant a hearing, and gave the prosecutor and court sufficient notice of the basis of her challenge." Id. at 58. Based upon the aforementioned cases, we conclude that a mere allegation that the tests were not conducted in strict compliance with NHTSA standards, without particularizing some underlying factual basis, such as how the tests were conducted and how that deviated from NHTSA standards, is insufficient to demonstrate a reasonable probability that a motion to suppress would have been successful.
The same is true for the appellant's allegation that the officer illegally stopped him for driving 70 miles per hour, which was allegedly impossible to do on this particular road because of its state of disrepair and the fact that the road contains curves and a bridge. Once again, the record is devoid of any evidence to support Appellant's allegation and is devoid of a sufficient underlying factual basis. Furthermore, defense counsel's assertion that he was unaware that a motion to suppress was not filed by Appellant's original counsel is wholly irrelevant and unpersuasive. The file in this case is a public record, and a simple review of a file this size would have made readily apparent what motions had or had not been filed. Therefore, the appellant has failed to show that his original counsel's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Accordingly, this assignment of error is overruled.
For these reasons, the judgment of the Marion Municipal Court, Marion County, Ohio, is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.