[Cite as *State v. Lindon*, 2017-Ohio-4439.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104902

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES L. LINDON

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604473-A

**BEFORE:** Jones, J., Kilbane, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 22, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Eben McNair
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} In this appeal, defendant-appellant James Lindon challenges his theft, drug possession, and tampering with evidence convictions, which were rendered after a jury trial. He also challenges the trial court's denial of his request to dismiss the case for an alleged discovery violation by the state, and the trial court's denial of his motion to suppress without holding an evidentiary hearing. We remand for a hearing on the motion to suppress.

**Procedural History**

{¶2} In March 2016, Lindon was charged in a three-count indictment. Count 1 charged theft; Count 2 charged drug possession; and Count 3 charged tampering with evidence. With these charges, the state alleged that Lindon stole drugs while working at the Cleveland Clinic Crile Pharmacy and swallowed some of the drugs to impair the investigation into the alleged theft. The record indicates that after Lindon allegedly ingested the drugs, he was taken to the emergency room at the Cleveland Clinic ("the Clinic").

{¶3} The parties engaged in pretrial discovery, which included a request by Lindon for audio and video recordings from the Clinic. Lindon also filed a motion to suppress and requested a hearing on the motion. In his motion, Lindon alleged that he was seized and searched without sufficient legal justification and, therefore, he sought to suppress the physical evidence that was seized from him.

{¶4} The case was scheduled for a jury trial on June 17, 2016. On that date, prior

to commencing trial, the trial judge addressed pending motions, which included a motion to compel and the suppression motion. In regard to the motion to compel, Lindon contended that, although he had been provided with some video evidence, he believed that there was more that the state had not provided to him. Specifically, he told the court that he believed that there were cameras in the emergency room. The assistant prosecuting attorney informed the court that the cameras in the patient care areas were "observational only," there were no video recordings from those cameras, and the video that he did receive from the Clinic he provided to Lindon during discovery. The court ruled that it could not compel the state to produce something that did not exist.

{¶5} In regard to Lindon's suppression motion, Lindon represented that he sought to suppress oral statements he made after he was apprehended and the physical evidence that was seized from him. After discussion about whether the "plainclothes" men who apprehended Lindon were law enforcement officials, the court concluded that they were.

{¶6} The court then questioned Lindon about what oral statements he made to the law enforcement officials. Lindon stated that he was interrogated by them for approximately an hour, without *Miranda* warnings,[1] and that he requested an attorney, but believed he was still questioned after that request. Lindon provided an example of one statement he made that he sought to have suppressed. The court denied his request, and the matter was concluded. There was no discussion about or evidence presented as to the seizure of Lindon or the physical evidence seized from him.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

{¶7} The matter then proceeded to a jury trial. At the conclusion of the evidence, Lindon sought dismissal of the case based on the state's alleged discovery violation by not providing all the relevant videos from the Clinic; the trial court denied his request. Lindon also made a Crim.R. 29 motion for acquittal, which was also denied. After its deliberations, the jury found Lindon guilty of all counts. The trial court sentenced him to two years of community control sanctions and drug treatment. Lindon now appeals, raising the following assignments of error for our review:

> I. The trial court erred in failing to conduct an evidentiary hearing on defendant's motion to suppress evidence.
>
> II. The trial court erred in entering a judgment of conviction which was contrary to the manifest weight of the evidence.
>
> III. The trial court erred in failing to dismiss the case for a violation of Crim.R. 16.
>
> IV. The trial court erred in failing to merge the allied offenses of drug possession and theft.

**Law and Analysis**

{¶8} We first consider the issue raised in Lindon's third assignment of error; that is, whether the trial court erred by not dismissing the case for the alleged discovery violation. Specifically, Lindon contends that there were other videos from the Clinic — this time in the pharmacy area — that were not supplied to him during discovery.

{¶9} Upon receipt of a written demand for discovery from a defendant, Crim.R. 16(B) requires that the state disclose documents and other materials

> related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use

by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, [that are] within the possession of, or reasonably available to the state.

{¶10} The record here reveals that no other video tapes — other than the one provided — existed. Crim.R. 16 applies to items obtained by or belonging to the state. *State v. Primeau*, 8th Dist. Cuyahoga No. 97901, 2012-Ohio-5172, ¶ 51. Crim.R. 16(B) does not impose a duty upon the state to produce evidence that does not exist. *State v. Willis*, 8th Dist. Cuyahoga No. 99735, 2014-Ohio-114, ¶ 33.

{¶11} In light of the above, the third assignment of error is overruled.

{¶12} We next consider Lindon's first assignment of error, in which he challenges the trial court's denial of his suppression motion without a hearing, and find it to be with merit.

{¶13} Crim.R. 47, governing motions, requires that a motion, "other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally." The rule further requires that a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit." *Id.*

{¶14} In *State v. Shindler*, 70 Ohio St.3d 54, 636 N.E.2d 319 (1994), syllabus, the Ohio Supreme Court held that

> [i]n order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual [basis] with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided.

{¶15} Here, Lindon's motion stated the following: "[w]ithout a warrant or sufficient legal cause, the two males placed their hands on [Lindon] and escorted [him] to the back of the pharmacy. The two males then physically removed the contents from [Lindon's] pants." Lindon further alleged in his motion that the above-described actions violated his rights under the Fourth Amendment of the United States Constitution.

{¶16} Upon review, Lindon's suppression motion stated a legal and factual basis with enough particularity to give notice of the issues to be decided and, therefore, to afford him a hearing on it.

{¶17} In light of the above, the first assignment of error is sustained, and the case is remanded for a hearing on Lindon's suppression motion. Our disposition on the first assignment of error renders the second and fourth assignments of error premature at this time.

{¶18} The trial court's decision denying Lindon's motion to suppress is reversed; case remanded for a suppression hearing.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR