This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio ("State") appeals the decision of the Akron Municipal Court suppressing the evidence of field sobriety tests and the results of a Breathalyzer test ("BAC") performed on appellee, Norma J. Heard ("Heard"). We affirm in part and reverse in part.
 I.
Around 1:00 am, on September 23, 2000, an Ohio State Highway Patrol trooper initiated a traffic stop of Heard's vehicle. Thereafter, the trooper arrested Heard for driving under the influence in violation of R.C. 4511.19(A)(1), driving with a prohibited level of alcohol in violation of R.C. 4511.19(A)(3), and improperly leaving marked lanes in violation of R.C. 4511.33.
Heard filed two motions to suppress on the grounds that the trooper lacked probable cause to conduct the field sobriety tests and arrest her for driving under the influence. The motion hearing proceeded on the issues of reasonable suspicion to stop and probable cause to arrest. The trooper testified that he had almost two years of experience and had conducted approximately 90 to 100 driving under the influence stops or arrests. The trooper was travelling behind Heard's vehicle on State Route 18. He noticed Heard travel outside her lane to the right. After she drifted back into her lane, she again swerved out of her lane on the left.
The trooper turned on his lights and Heard stopped her vehicle on the left side of the road. The trooper approached the vehicle and asked her to move off the right side of the road. After approaching the vehicle on the right side of the road, the trooper noticed a strong smell of alcohol on Heard. She admitted that she had a couple of drinks that night. The trooper testified that he then administered three field sobriety tests including the horizontal gaze nystagmus ("HGN") test, the walk and turn test and the one-legged-stand test. The trooper testified that Heard consented to a portable breath test which registered .16. She was then transported to the Bath Township Police Department for a BAC test. The result of the BAC test read .125 grams of alcohol per 210 liters of breath.
After hearing the testimony, the trial court granted Heard's motion, suppressing the field sobriety tests and finding that while the trooper possessed reasonable suspicion to stop appellant he lacked probable cause to arrest her for driving under the influence. The trial court also suppressed the result of the BAC test administered to Heard at the police station.
This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED BY REQUIRING THE STATE TO PUT ON EVIDENCE AT THE SUPPRESSION HEARING SINCE THE DEFENDANT-APPELLEE FAILED TO COMPLY WITH CRIMINAL RULE 47 IN ANY OF HER THREE (3) MOTIONS TO SUPPRESS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT FOUND TROOPER BROCK'S TESTIMONY CREDIBLE YET THAT TROOPER BROCK DID NOT BELIEVE THAT HE HAD PROBABLE CAUSE TO ARREST DEFENDANT-APPELLEE UNTIL AFTER THE FIELD SOBRIETY TESTS WERE ADMINISTERED.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED BY SUPPRESSING THE HORIZONTAL GAZE NYSTAGMUS TEST AND THE WALK AND TURN TEST IN TOTO INSTEAD OF EXCLUDING ONLY THE TROOPER'S OPINION OF SOBRIETY BASED ON THE PERFORMANCE OF THE TESTS.
All three of the State's assignments of error are related and will be discussed together. The State challenges the trial court's decision: 1) suppressing the field sobriety tests, 2) determining that the trooper lacked probable cause to arrest Heard for driving under the influence and 3) suppressing the results of the BAC test.
An appellate court's standard of review with respect to motions to suppress is whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. "In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hopfer
(1996), 112 Ohio App.3d 521, 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. However, once accepting those facts as true, the appellate court must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. State v. Guysinger (1993),86 Ohio App.3d 592, 594.
In State v. Shindler (1994), 70 Ohio St.3d 54, the Ohio Supreme Court established minimum standards which a defendant must comply with when filing a motion to suppress evidence. The Shindler Court held that a defendant's motion to suppress "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." Id. at syllabus. The Court reasoned that "[b]y requiring the defendant to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." Id. at 58; see, also, Xenia v. Wallace (1988), 37 Ohio St.3d 216, 218.
Crim.R. 47 governs the filing of such motions and specifically provides in part as follows:
 [a]n application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
We find that Heard's motions to suppress provided the State with adequate notice of the issues to be heard and decided by the court. Accordingly, the burden shifted to the State to demonstrate whether probable cause existed for the search or seizure. Xenia v. Wallace,37 Ohio St.3d at 220.
In the present case, the trial court suppressed the evidence finding that the State had failed to meet its foundational burden for the admissibility of the field sobriety tests and failed to establish probable cause to arrest Heard for driving under the influence. The trial court relied on State v. Homan (2000), 89 Ohio St.3d 421. In Homan, the Ohio Supreme Court reviewed field sobriety test, including the walk and turn test and HGN test, which were not properly administered. The Court found if a field sobriety test was not administered in strict compliance with standardized procedures, then the test could not form the basis for probable cause to arrest. Id. at paragraph one of the syllabus. However, the Court held the totality of the facts and circumstances surrounding the incident could support a finding of probable cause to arrest even if there are no field sobriety tests administered, or where the test results must be excluded because of lack of strict compliance.Id.
In Homan, the Supreme Court of Ohio held that in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with the standardized testing procedures. Id. The State failed to submit evidence establishing the standardized testing procedures and on appeal appears to concede that Trooper Brock did not strictly comply with the testing procedures. Accordingly, the trial court did not err in suppressing the field sobriety tests.
However, our analysis does not end here because as previously discussed, probable cause to arrest need not be based on a suspect's field sobriety tests. Id. In the present case, Trooper Brock testified that before he conducted the field sobriety tests there was erratic driving, a strong odor of alcohol, red eyes[1] and an admission of drinking alcoholic beverages. In Homan, the surrounding facts and circumstances included erratic driving, red and glassy eyes, the smell of alcohol, and an admission of drinking alcoholic beverages. Probable cause exists to arrest a person for driving under the influence when "at the moment of the arrest, the police had sufficient information, derived from reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." Id., citing, Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; State v. Timson (1974),38 Ohio St.2d 122, 127.
After reviewing the totality of facts and circumstances, we conclude that the evidence presented at the suppression hearing of erratic driving, a strong odor of alcohol, red eyes and an admission of drinking alcoholic beverages was sufficient to establish probable cause to arrest Heard for driving under the influence of alcohol and to administer the BAC test. Accordingly, the trial court erred in suppressing the results of the BAC.
Having found that the trooper had probable cause to arrest Heard for driving under the influence and to administer the BAC, we overrule in part and sustain in part the State's assignments of error. The judgment of the trial court regarding the suppression of evidence from the field sobriety tests is affirmed. The judgment of the trial court regarding the lack of probable cause for Heard's arrest, the lack of probable cause for Heard's BAC test and the suppression of the results of the BAC is reversed. The case is remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., WHITMORE, J. CONCUR.
[1] The record reflects that Trooper Brock did not indicate the appearance of red eyes in his report of the incident. At the suppression hearing, Trooper Brock testified that he observed Heard's eyes were red.