OPINION
Donald Williams pleaded no contest to a charge of operating a motor vehicle under the influence of alcohol. The trial court found Williams guilty and disposed of the case accordingly. Williams appeals and assigns error as follows:
 THE COURT ERRED AS A MATTER OF LAW WHEN IT DID NOT REQUIRE THE STATE TO PROVE COMPLIANCE WITH OHIO STATUTES AND DEPARTMENT OF HEALTH BREATH TESTING REGULATIONS TO ENTER A BREATH TEST INTO EVIDENCE AT TRIAL.
Williams' assignment pertains to his motion to suppress evidence as it addressed the propriety of the test of his breath after arrest.
On January 29, 2001, Williams, by counsel, filed a motion to suppress which, in part, was a verbatim duplicate of the motion to suppress approved in State v. Shindler (1994), 70 Ohio St.3d 54.
The State moved to quash because "the . . . motion (was) overly broad and lack(ed) specificity as required by case law."
The motions came on for hearing February 12, 2001. At that time, the prosecutor argued that with the information furnished by him to defense counsel and information obtainable by defense counsel, defense counsel should be required to reduce the issues advanced in his motion to suppress to those issues which were arguably meritorious in this particular case, and that the suppression hearing should be limited to those issues.
Defense counsel argued that, pursuant to Shindler, he was not obliged to anything more than to file the motion to suppress. The trial court agreed with the prosecutor:
 . . . in the Shindler case the motion was overruled without a hearing. You're going to get a hearing. It's just more a matter of what's the hearing going to be on.
* * *
 Now, if you have a question after you've done your discovery, and you want to challenge that for a valid reason in your motion to suppress after you've done your discovery, you need only communicate that to the Court and to the Prosecutor and we'll include those issues in the motion to suppress, but you need to do your discovery first.
 It is not the Prosecutor's job to come in here and do your discovery for you. That's not their job.
The trial court continued the matter to February 23 to allow defense counsel to conduct his discovery and narrow the issues asserted in the motion to suppress. It would appear that as of that date defense counsel did nothing more to narrow the issues. The trial court stated:
 You were given some time to go ahead and complete your discovery. You were given time to notify the Court what your factual basis was for wanting the test results to be suppressed and for putting the Prosecutor on notice as to what your issues were going to be.
 You didn't do that. Your Shindler case even says this direction (sic) and that's a case you supplied the Court with.
* * *
 The syllabus directs you. It says, in order to require a hearing on a motion to suppress, the accused must state the motion's legal and factual bases with sufficient particularity and place the prosecutor and the Court on notice. You haven't done that.
 I, I think that your motion is overly broad, and I think perhaps that really what you're wanting to attack is maybe not the test results as much as it is the procedure by which you receive your discovery.
 What I'm getting at is this. There's nothing that's keeping you from checking out calibration dates, test results, target values, batch number, RFI times, et cetera. You can go to the law enforcement agency and check those things out, and they are very easily verifiable. They don't have to be heard in a motion.
 If you arrive at a law enforcement agency and you find out that the test result wasn't or the BAC machine wasn't calibrated for two years in the past, then that certainly gives you — gives a factual basis to put in your motion to bring it into court for a motion to suppress, and the prosecutor should have to prove up his side. But these things are easily verifiable and they should've been done ahead of time.
 You, as a defense attorney, have a duty to your client to do an investigation and to do that discovery.
* * *
 I'm not going to give you a hearing and that's because it's within your control. It's you that's really not letting yourself have a hearing. All you have to do to have a hearing on this issue is go do your discovery and come back to this Court with a factual basis, a factual reason why you want a hearing, and this Court would be more than happy to work with you and set a hearing at any time of the day or the night.
* * *
We've bent over backwards to work with you on this.
 The Prosecutor's job is not to deliver that discovery and place it in your lap. You have a duty to do some investigation yourself. You filed for discovery. That's your job to get up there and look and check out some of these things.
Defense counsel complained that the information he needed was only available for inspection between midnight and 8:00 a.m. The prosecutor agreed to make the information available to defense counsel at another mutually convenient time.
On March 9, Williams entered his plea of no contest. From the record, it appears that no discovery took place after February 23 and no suppression hearing occurred.
To the extent that the trial court reasoned that defense counsel failed to assert a factual basis for the issues contained in the motion to suppress, we believe it erred. As stated above, the portion of the motion to suppress at issue here is identical to that approved as factually sufficient in Shindler.
Crim.R. 12 governs motions filed prior to trial. Division (C)(3) authorizes motions to suppress evidence. Division (F) states, interalia: "A motion made pursuant to divisions (C)(1) to (C)(5) of this rule shall be determined prior to trial."
The Ohio Revised Code and the Ohio Administrative Code impose affirmative requirements on the state when it conducts tests of the blood, breath, or urine to determine the alcohol content of a driver's blood. A motion to suppress is the proper vehicle to challenge that evidence when asserting noncompliance with any of those requirements.Defiance v. Kretz (1990), 60 Ohio St.3d 1.
The grounds for all motions, including motions to suppress evidence, must be stated with particularity. Crim.R. 47. The detail required will vary depending on the circumstances, but as the purpose of the particularity requirement is notice to the court and the adverse party of the movant's grounds the facts alleged must be sufficient to provide that notice. Xenia v. Wallace (1988), 37 Ohio St.3d 216.
Unspecified general allegations of noncompliance with the overall rules and regulations governing chemical tests of blood, breath, or urine are insufficiently particular to raise the issue of noncompliance. Likewise, a challenge so narrowly specific as to exclude other possible grounds is insufficient with respect to those other grounds. Dayton v. Dabney
(1994), 99 Ohio App.3d 32.
In Shindler, supra, the Supreme Court found the specific factual and legal grounds set out in Defendant-Appellant's motion to suppress sufficient to satisfy the requirements of Xenia v. Wallace, supra, and Crim.R. 47. Therefore, the trial court erred when it granted the State's motion to quash and subsequently refused to adjudicate the motion to suppress unless and until the movant specified which of those grounds he relied on and/or made them more particular through discovery. In effect, this transferred the burden of going forward from the State to the movant. Once the requirements of particularity are satisfied, that burden is on the State.
In State v. Ward (Nov. 5, 1993), Clark App. No. 2966, unreported, rendered six months before Shindler, supra, this court suggested that a trial court might require a movant to complete discovery in order to make the grounds of his motion to suppress more specific, as the trial court here did. We also suggested that the court might require an affidavit by local rule. Those suggestions are no longer viable since Shindler,supra, the effect of which has been to confer a talismanic character on the approved recitations that places them beyond the trial court's power to reject or burden in that way.
Courts and prosecutors are no doubt frustrated by the filing of "Shindler" motions to suppress. Their boilerplate character is inconsistent with a genuine belief that these failures occurred, or even reason to believe they occurred. However, as the authors who devised the list have stated:
 "The state's burden of proof of going forward is not an onerous one. It is simply the same burden as under prior practice when the state went forward at trial. Thus, as in State v. Brown [(1975), 49 Ohio App.3d 104], general testimony that all pertinent rules and regulations had been followed in conducting the defendant's test, if unchallenged, would amount to a sufficient foundation for the admission of the results."
Painter and Looker, Ohio Driving Under The Influence Law (2001 Ed.), T11.19. The authors also note that a sufficient challenge to the State's general evidence then requires the State to present more particular evidence to prove compliance. The State may seek a continuance for that purpose, if necessary.
The assignment of error is sustained. The order from which the appeal was taken will be reversed and the case will be remanded for further proceedings on Defendant-Appellant's motion to suppress evidence.
YOUNG, J., concurs, WOLFF, P.J., dissenting: