OPINION
Defendant, Melissa Rioux, appeals from her conviction and sentence for OMVI.
At approximately 2:45 a.m. on July 15, 2000, Officer Lee Edwards of the Beavercreek Police Department entered Southbound Interstate 675 from North Fairfield Road. While traveling down the entrance ramp, Officer Edwards noticed the vehicle ahead of him weaving in its lane of travel. Once it entered the traveled portion of I-675, and over a distance of just one and one-half miles, the vehicle crossed over the dashed lane divider and drifted two or three feet into the adjacent center lane, five separate times. During this same period, the vehicle on two separate occasions also crossed over the white shoulder line by two or three feet. In addition to weaving, the vehicle's speed fluctuated up and down, between 58-72 miles per hour in this 65 m.p.h. zone.
Officer Edwards believed that the driving pattern he observed was consistent with the conduct of a person who is under the influence of alcohol, and so he decided to stop the vehicle, which he did near the State Route 35 exit off of I-675. The vehicle was driven by Defendant, Melissa L. Rioux. Defendant stopped her vehicle in the traveled portion of the roadway instead of pulling off onto the shoulder. This prompted Officer Edwards to ask Defendant to pull over onto the shoulder for their safety.
As Officer Edwards was conversing with Defendant, confirming the information on her driver's license, he noticed an odor of alcohol on her breath. Officer Edwards also observed that Defendant's speech was slurred and she had a distant look in her eyes, as if she was having trouble focusing. Officer Edwards asked Defendant to step out of her vehicle and she did, at which time Edwards could still smell alcohol on Defendant's breath. Officer Edwards then asked Defendant to submit to three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test. When Defendant failed all three tests, Officer Edwards arrested her for OMVI., Defendant was charged with operating a motor vehicle while under the influence of alcohol, R.C.4511.19(A)(1), a marked lanes violation, R.C. 4511.33, and driving without a valid license, R.C. 4507.02(D)(1). Defendant filed a motion to suppress the evidence, arguing that it was obtained as the result of an illegal stop and arrest. The matter was referred to a traffic magistrate. Following a hearing, Defendant's motion to suppress was overruled. Defendant timely filed objections to the traffic magistrate's decision. The trial court subsequently overruled Defendant's objections. Defendant entered no contest pleas to OMVI and driving without a valid license. The trial court found Defendant guilty of those offenses and sentenced her according to law.
From her conviction and sentence Defendant has timely appealed to this court, challenging the trial court's overruling of her motion to suppress evidence.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THERE WAS REASONABLE AND ARTICULABLE SUSPICION TO STOP, DETAIN, AND CONDUCT FIELD SOBRIETY TESTS ON THE DEFENDANT.
 Defendant argues that the trial court erred in failing to suppress theevidence against her because Officer Edwards lacked the reasonablesuspicion of criminal activity necessary under Terry v. Ohio (1968),392 U.S. 1, to justify his stop of her vehicle and his request that she submit to field sobriety tests. We disagree.
In Dayton v. Erickson (1996), 76 Ohio St.3d 3, the Ohio Supreme Court stated:
 Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.
Syllabus.
The evidence presented at the suppression hearing demonstrates that Officer Edwards observed Defendant commit a traffic offense, a marked lanes violation. Accordingly, the stop of Defendant's vehicle was reasonable for Fourth Amendment purposes, notwithstanding any ulterior motives on Officer Edwards' part, such as a hunch that Defendant was driving while intoxicated. Erickson, supra.
Moreover, at the time Officer Edwards asked Defendant to submit to field sobriety tests, there was ample reasonable and articulable suspicion that Defendant was driving under the influence of alcohol. Officer Edwards observed Defendant's vehicle weaving in and out of her lane of travel and the fluctuating speed of Defendant's vehicle. Defendant stopped her vehicle in the traveled portion of the roadway rather than pulling off onto the shoulder. Officer Edwards also noticed an odor of alcohol on Defendant's breath, her slurred speech, and a distant look in her eyes. Only after making all of these observations did Officer Edwards request Defendant to step out of her vehicle. That request did not violate the Fourth Amendment. Pennsylvania v. Mimms
(1977), 434 U.S. 106. Officer Edwards possessed abundant evidence that Defendant was intoxicated. Thus, there was reasonable and articulable suspicion justifying field sobriety tests at the time Officer Edwards administered those tests. State v. Frady (May 18, 2001), Miami App. No. 2001-CA-2, unreported., Defendant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY NOT SUPPRESSING THE RESULTS OF THE FIELD SOBRIETY TESTS DUE TO THE FACT THE TESTS WERE NOT ADMINISTERED IN STRICT COMPLIANCE WITH NHTSA STANDARDS.
Defendant argues that because the State failed to show that Officer Edwards had strictly complied with standardized testing procedures in administering the field sobriety tests, the results of those tests must be suppressed and cannot be used as evidence of probable cause to arrest Defendant for OMVI.
In the motion to suppress that Defendant filed, no challenge was made to whether Officer Edwards complied with standardized procedures established by the National Highway Traffic Safety Administration (NHTSA) in administering the field sobriety tests in this case. Accordingly, neither the court nor the prosecutor were put on notice that it would be an issue in determining the admissibility of the evidence.
During cross-examination of Officer Edwards at the suppression hearing, defense counsel questioned Officer Edwards as to how he conducted each of the three field sobriety tests he administered to Defendant. During closing argument defense counsel then attempted to argue, for the first time, that because Officer Edwards failed to strictly comply with NHTSA standards in administering the field sobriety tests, the results of those tests should be suppressed. See: State v.Homan (2000), 89 Ohio St.3d 421 . The traffic magistrate sustained the State's objections to this argument, noting that because Defendant had failed to present any evidence during the hearing, either in the form of witnesses or documents, to establish how those sobriety tests should have been conducted, no showing had been made that Officer Edwards acted incorrectly.
In her subsequent objections to the traffic magistrate's decision, Defendant did raise this specific issue concerning Officer Edwards' alleged failure to comply with NHTSA standards in administering the field sobriety tests. Defendant suggested that the trial court should take judicial notice of those standardized procedures for field sobriety tests set forth in the NHTSA manual. The trial court rejected this claim because Defendant had failed to present any evidence to support her claim that Officer Edwards failed to comply with NHTSA standards in the way he administered the field sobriety tests. The trial court observed that if Defendant wanted the court to take judicial notice of certain information, it was Defendant's duty to provide that information to the court, which was not done in this case. The trial court further noted that, in any event, even excluding the results of the field sobriety tests the other evidence of Defendant's intoxication was sufficient to constitute probable cause to arrest Defendant for DUI.
In State v. Homan, supra, the Ohio Supreme Court stated:
 In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures.
A Crim.R. 12(C)(3) motion to suppress evidence is the proper vehicle to challenge the admissibility of evidence to prove an OMVI charge on a claim that it was not procured pursuant to applicable standards or regulations. Defiance v. Kretz (1990), 60 Ohio St.3d 1. However, the motion must put the court and the prosecutor on notice of the particular grounds involved. Xenia v. Wallace (1988), 37 Ohio St.3d 216. The grounds need only be factually particular. See State v. Shindler (1994),70 Ohio St.3d 54 . In cases of warrantless arrests, once that standard is satisfied by the motion to suppress the burden shifts to the State to prove that the particular requirement was satisfied. Id. The State may meet its burden by offering general evidence. State v. Williams (Nov. 2, 01), Champaign App. No. 2001CA8, unreported. If the movant challenges that evidence sufficiently, the State may then be required to present more particular evidence of compliance. Id.
Under the foregoing scenario, Defendant's cross-examination of OfficerEdwards "general evidence" might have required the State to offerevidence of the NHTSA standards in order to show that it had strictlycomplied with them, per Homan, supra. However, Defendant's motion to suppress contained no claim that compliance with those standards was lacking. Therefore, compliance was not an issue the magistrate was required to determine, and Defendant's challenge to Officer Edwards' general evidence concerning the field sobriety tests he administered was irrelevant. The magistrate did not err in rejecting the claim, and the trial court did not err when it overruled Defendant's objections in that regard.
Some might complain that movants should not be required to present claims of this kind prior to the hearing that yields facts which support of the grounds involved. However, defendants who've been arrested after taking field sobriety tests know they've been required to take them. Certainly, their attorneys can learn of that fact by inquiring of them about it. A failure to strictly comply can then be alleged as grounds for the motion, at least according to current practice. See Shindler, supra. Further, counsel who first learns of a possible failure during the hearing must move to amend a motion to suppress to have the court consider the failure as grounds for the relief requested. Failure to do so waives the objection involved. Crim.R. 12(H)., Defendant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING THE OFFICER HAD PROBABLE CAUSE TO ARREST APPELLANT.
In determining whether probable cause exists to arrest an individual for OMVI, courts must consider whether, at the moment of arrest, police had sufficient information derived from a reasonably trustworthy source to cause a prudent person to believe that the suspect was driving under the influence. Homan, supra. Courts making this determination should consider the totality of the facts and circumstances surrounding the arrest. Id.
Prior to stopping Defendant's vehicle, Officer Edwards observed Defendant's erratic driving, which included weaving in and out of her lane of travel and fluctuating speeds. When Defendant stopped her vehicle in response to Officer Edwards' overhead emergency lights, she stopped in the traveled portion of the roadway rather than pulling off onto the shoulder. While conversing with Defendant, Officer Edwards noticed an odor of alcohol on her breath, slurred speech, and a distant look in her eyes. The results of the field sobriety tests, which were not suppressed, adds further support. The totality of these facts and circumstances are sufficient to warrant a prudent person in believing that Defendant was driving under the influence, and thus provide probable cause for her arrest. Homan, supra., Defendant's third assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and FAIN, J., concur.