[Cite as *State v. Garza*, 2023-Ohio-2086.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 0069 |
| IDA GARZA | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 2021 CR 987 R

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       June 22, 2023

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               DARIN AVERY
Prosecuting Attorney                      105 Sturges Avenue
Richland County, Ohio                     Mansfield, Ohio 44903

CHASE E. BAKER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

**{¶1}**　Defendant-appellant Ida Lucille Garza appeals the judgment entered by the Richland County Common Pleas Court convicting her following her plea of no contest to possession of cocaine (R.C. 2925.11(A)(C)(4)(a)) and sentencing her to thirty months of community control.　Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}**　Shortly after midnight on May 21, 2021, Officer Travis Stantz of the Mansfield Police Department was watching a suspected drug house from a distance of about 800 feet.　He observed a pickup truck pull up to the house.　The passenger, later identified as Appellant, left the truck and went inside the house.　Approximately three minutes later, Appellant returned to the truck.

**{¶3}**　Officer Stantz followed the truck and noticed the rear license plate light was either not present or was dimmed so the plate could not be read, in violation of R.C. 4513.05 and Mansfield Municipal Code 337.04.　He turned off his own headlights to confirm the license plate light on the truck was not operational, then stopped the pickup truck.

**{¶4}**　After stopping the vehicle, Officer Stantz conversed with both the driver and Appellant, while backup arrived on the scene.　The driver was not the owner of the vehicle. The driver was asked to step out of the vehicle, and Officer Stantz questioned her about where they were going.　The driver gave consent to search the vehicle.

**{¶5}**　Appellant was asked to step out of the vehicle.　Officer Stantz and another officer who had arrived on the scene told Appellant they knew she had something on her, and if she handed it over she would be allowed to go home.　Appellant admitted she had crack cocaine in her bra.　She retrieved the cocaine and handed it to the officers.

**{¶6}**    Appellant was indicted by the Richland County Grand Jury on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a).  She moved to suppress the cocaine on the basis the stop of the vehicle was illegal, and Appellant was coerced into handing police the drugs without being read *Miranda* warnings.

**{¶7}**    The trial court held a suppression hearing, at which Officer Stantz testified and his dash cam video was played.  Appellant also testified at the suppression hearing, stating although the officer said she was free to go she did not feel she was free to go.  She testified she felt she was under arrest even though no one told her she was under arrest.  Appellant testified she felt compelled to comply with the request she hand over the drugs she was hiding in her bra.

**{¶8}**    The trial court overruled the motion to suppress, finding the stop of the truck was justified by probable cause of a violation of the law regarding illumination of the license plate.  The trial court found *Miranda* warnings were not required because Appellant was not in custody at the time she was questioned by police and voluntarily handed over the crack cocaine.

**{¶9}**    Appellant entered a plea of no contest to the charge of possession of cocaine and was sentenced to thirty months community control.  It is from the September 8, 2022 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE ILLEGALLY OBTAINED DURING A TRAFFIC STOP.

{¶10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist. 1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist. 1997); *See, generally, United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698, 116 S.Ct. at 1663.

{¶11} Appellant first argues the stop was prolonged beyond the time required to issue a citation for the license plate violation, and the officers lacked additional probable cause to believe she committed a crime to justify further detention. Appellant failed to raise this issue in her motion to suppress. Crim. R. 47 requires every written motion to "state with particularity the grounds upon which it is made." "By requiring the defendant

to state with particularity the legal and factual issues to be resolved, the prosecutor and court are placed on notice of those issues to be heard and decided by the court and, by omission, those issues which are otherwise being waived." *State v. Shindler*, 70 Ohio St.3d 54, 58, 636 N.E.2d 319, 322 (1994). We find by failing to raise this argument in the trial court, Appellant has waived this argument on appeal.

{¶12} Appellant also argues she was subject to a custodial interrogation before the officer advised her of her *Miranda* rights.

{¶13} A duty to administer *Miranda* warnings arises only when an accused is taken into custody. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). For purposes of Miranda warnings, "custody" is defined as a formal arrest or restraint on the freedom of movement to the degree associated with a formal arrest. *State v. Mason*, 82 Ohio St.3d 144, 154, 694 N.E.2d 932 (1998). In order to determine whether a person was in custody, the court should apply a totality-of-circumstances test, including where the interrogation occurred, whether the investigation had focused on the subject, whether the objective indicia of arrest were present, and the length of the questioning involved. *Stansbury v. California*, 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).

{¶14} After the driver gave consent to search the vehicle, Appellant was instructed to step out of the vehicle. A request the driver and passengers step out of a vehicle which has been stopped for a traffic violation is permissible even without additional suspicion of criminal activity. *See, e.g., State v. Williams*, 94 Ohio App.3d 538, 544, 641 N.E.2d 239, 243 (8th Dist. 1994). As Appellant was stepping from the vehicle, officers can be heard on the dash cam video telling her they know she has something on her, and if she is honest with them and hands it over she will be allowed to go home, but if she makes them

work, she will go to jail.  Within seconds, Appellant admitted to being in possession of crack cocaine, reached into her bra, retrieved the cocaine, and handed it to the officers. Appellant was never told she was under arrest, was never handcuffed, was never touched by any of the officers, and was told she was free to go.   Although she argues she was threatened by the officers with jail if she did not cooperate, we agree with the trial court the entirety of the dash cam video does not support a finding the conduct of the officers was threatening, physically intimidating, or an attempt to trick Appellant into a confession. We find the trial court did not err in finding she was not in custody for purposes of *Miranda,* and voluntarily gave the drugs in her possession to the police officers.

{¶15}  The assignment of error is overruled.

{¶16}  The judgment of the Richland County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur